## DUNN v. STARKWEATHER.

The report of referees or arbitrators, is entitled to, at least, the same consideration as the verdict of a jury.

It requires something more than merely the opinion or conjecture of the party complaining, to overthrow the finding of referees or arbitrators. If there is error or mistake in their finding, it must be made to appear.

In an action of right, the plaintiff, where he holds the legal title and right of possession to real estate, may recover for the use and occupation of the land, as well as the title and possession.

Under section 1233 of the Code, in relation to occupying claimants, a defendant in an action of right, can at any time, while in possession of the premises, file his petition to have the value of improvements made by him ascertained, and to obtain payment for the same, before surrendering the possession.

Where in an action of right, the parties, in writing, submitted the matters in controversy to arbitrators or referees, who were to examine the land and improvements thereon ; take testimony, if desired, in order to determine the value of the improvements; to ascertain the annual value of the use and occupation of the land, from the time the plaintiff's title accrued, until the first of March, 1857 ; and to ascertain and report at the next term of the district court, all the necessary facts upon which the court was to predicate its judgment; and where on the coming in of the report of the arbitrators or referees, the defendant made an affidavit, that the referees had not allowed him the just and true value of his improvements ; that they were worth double the value reported by the referees ; and that he believes that said referees, in arriving at the amount fixed by them, had omitted to take into consideration a part of the improvements made upon the land by defendant, whereby great injury and injustice would be done him, unless the matters were again referred to them for consideration—upon which affidavit was based an application to the court, to refer the matter anew to the arbitrators or referees, for a full and perfect report, and with direction to strike out so much of the report as awards rents and profits of the land to the plaintiff, which motion was overruled, and

judgment rendered on the report in favor of the plaintiff, for the title and possession of the land, and for the defendant, for the value of the improvements, as ascertained by the referees, after deducting the rents; *Held*, That the application was properly overruled.

*Appeal from the Lee District Court.*

WEDNESDAY, OCTOBER 13.

The original action was commenced in October, 1855, to recover of defendant the possession of the tract of land in controversy. In April, 1856, the parties desiring to settle the controversy amicably, agreed in writing to submit the same to arbitrators, who were to ascertain and report at the next term, all the necessary facts, upon which the district court was to predicate its judgment. They were to examine the land and improvements thereon, and were to take testimony, if they desired so to do, in order to determine the value of the improvements. They were also to ascertain the annual value of the use and occupation of the land, from the time the plaintiff's title accrued, until the first of March, 1857. At the next term of the court, it was agreed that judgment was to be rendered for the plaintiff, for the possession of the land; and that the court should allow the defendant payment for his improvements, according to the report of the referees, and the occupying claimant law of the State, after deducting the rents allowed by the same referees. The title of the land was admitted to be in the plaintiff, and that defendant's possession was by color of title. It was further agreed, that the defendant should remain in possession until March, 1857, at which time, possession was to be surrendered to the plaintiff, and the plaintiff was to pay defendant the value of his improvements reported by the referees, deducting the rents.

The arbitrators reported that, having first been duly sworn, they heard the testimony of the parties, and after being fully advised, they found the value of the improvements to be $1,658; that the plaintiff's title to the land

was acquired March 4th, 1854; that the defendant had, since that time, been in full possession, and that the annual value of the land was one dollar and fifty cents per acre, for seventy-five acres of cultivated land.  They further report, that the defendant denied, that by the laws of the State, the plaintiff, in this action, could recover for rent; and the question of his right so to recover, is referred to the court.

On the coming in of the report, the defendant made affidavit, that the referees had not allowed him the just and true value of his improvements; that they were worth double the value reported by the referees; and that he believed that said referees, in arriving at the amount fixed by them, had omitted to take into consideration a part of the improvements made upon the land by defendant, whereby great injury and injustice would be done him, unless the matters be again referred to them for consideration.  Based on this affidavit, the defendant made an application to the court, to refer the matter anew to the referees, for a full and perfect report, and with directions to strike out so much of the report as awards rents and profits of the land to the plaintiff.  The district court overruled the motion, and rendered judgment in favor of the plaintiff, for the title and possession of the land; and in favor of the defendant against the plaintiff, for the value of the improvements ascertained by the referees, deducting the rents.  The defendant appeals.

*F. Semple,* for the appellant.

*Rankin, Miller & Enster,* for the appellee.

STOCKTON, J.—The statute provides, that upon a sufficient showing, the district court may set aside the report of referees, in whole or in part, and refer the matter anew, or any part thereof, either to the same, or other referees.  Code, section 1796.

The only showing attempted to be made in this case, is

by the affidavit of the defendant; and this, in our opinion, is wholly insufficient for the purpose of invalidating the report of the referees. It is not sufficient that the defendant states on his oath, that. the improvements are worth twice the amount fixed as their value by the referees. This is the mere opinion of the defendant, upon a matter about which the plaintiff and himself differed; which difference the referees were to adjust by their decision. Nor is it sufficient that the defendant has sworn that he believes that the referees have omitted to consider a portion of the improvements in their estimate. If this is not mere conjecture on the part of the defendant, it must have been in his power to establish the fact, to the satisfaction of the court, by some evidence competent for the purpose. The affidavit of his belief by defendant, is not a sufficient basis for the action of the court. The referees state that they heard the evidence of both parties, and were fully advised concerning all the matters submitted to their decision. If there was any mistake, it must be shown by the defendant. It requires something more than merely his opinion or conjecture, to overthrow the finding of the referees. Their report is entitled to at least the same consideration as the verdict of a jury. Code, section 2111.

We think the plaintiff was properly allowed payment for the use and occupation of his land, from the time that his title accrued, to the time the defendant was, by agreement, to surrender the possession. The fact that the amount allowed for rents was deducted from the value of the improvements, is no valid objection to the judgment of the court. The submission executed by the parties, stipulates that the referees are to ascertain the value of the annual rents, and that the defendant is to be paid for his improvements, after deducting the amount of the rents as fixed by the report of the referees. As this was the agreement of the parties, there was no error in the judgment of the court which carried the same into effect.

At common law, the damages in ejectment were merely .nominal. Adams on Ejectment, 289. If the plaintiff

choose, however, to proceed for *mesne* profits, he may do so, giving notice of his intention. *Battin* v. *Bigelow*, 1 Peters, C. C., 452; *Brown* v. *Galloway*, 1 Ib., 291 ; *Rugan* v. *Phillips*, 4 Yeates, 382. The plaintiff, in his petition and notice, claims of defendant, as well the title and possession of the land sued for, as the sum of six hundred dollars, as his damages for the use and occupation of the premises, for a period not exceeding six years prior to the commencement of the action. Code, section 2008. We have no doubt but that the plaintiff, holding the legal title and right of possession to real estate, may as rightfully in this action, recover for the use and occupation as he may for the title and possession.

The remaining objection of the defendant is, that the district court rendered judgment for the plaintiff, without making payment for the improvements, a condition precedent to the issuing of execution. The plaintiff was entitled to judgment for the title and possession of the land. This judgment, the defendant could not resist, as he had nothing to oppose to the plaintiff's legal title. He now only claims the right to continue in possession, until his improvements are paid for. It must be borne in mind, that the judgment of court only settles the rights of the parties, according to their agreement, and the report of the referees. By this agreement, the defendant was to remain in possession of the land until March 1st, 1857, at which time the plaintiff was to pay him for his improvements, deducting the rents, and he was to surrender possession of the premises to plaintiff in good condition.

Under the occupying claimant law, (Code, section 1233), the defendant is entitled to remain in possession after judgment against him, until paid for improvements, on filing a petition to have their value ascertained, and to obtain payment for the same, before surrendering possession. This petition, we think, the defendant can at any time file, if he is apprehensive that he will be turned out of possession before the requisite payment is made. We think, however, he should not be driven to another action to effect this.

The judgment of the district court will be so far amended, as to direct that no execution will issue on the judgment, to put the plaintiff in possession of the land, until the amount awarded to the defendant for the value of his improvements, (deducting the rents), shall be first paid or tendered to him. In other respects, the judgment will be affirmed.

Judgment affirmed.