JAMES ARMSTRONG, Respondent, vs. HENRY HINDS, Appellant.

ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

In an action to recover the possession of real property, the Plaintiff may unite a cause of action for the value of the use of the premises by Defendant, or damages for withholding possession.

In such action, the Plaintiff must allege title or right of possession in himself at the time of the commencement of the action, and a failure so to do may be taken advantage of by demurrer.

Points and Authorities of Appellant.

1.   Several causes of action have been improperly united in the complaint, to wit : a cause of action for the recovery of

the premises therein described, is united with a cause of action for the occupation of the same premises.

II.    The complaint does not state facts sufficient to constitute a cause of action.

1. The complaint does not state that the Plaintiff is possessed or seized of said premises in fee, or that he is the owner of the same.

2. The complaint does not state the traversable facts essential in an action of ejectment, but only the evidence of those facts.

3. The complaint leaves the pleadable and traversable fact, that of seizen in fee of the real premises, to be determined by inference and argument from the allegations of the evidence tending to prove the same.

4. A judgment of eviction cannot be rendered upon an implication of ownership drawn from allegations of evidence tending to prove seizin in fee.    3 *Pick*, 124; 1 *Gra. & Watt*, *N.T.*, 136-9, 159; 7 *Barb.*, 85; 1 *Code R.*, *N.S.*, 175; 3 *Sand.* 695; 4 *Sand*, 681; 6 *Pr. R.*, 402; 10 *Pr. R.*, 50; 3 *Sand*, 478; 2 *Duer*, 673.

Points and Authorities of Respondent.

I.    The wrongful taking, and the wrongful detention of the possession of the property, are transactions " connected with the same subject of action."    Therefore the claims to recover the possession, and for the use and occupation, are properly united.    *Sub.* 1 & 5, *sec.* 87, *chap.* 60, *Comp. Stat.*

II.    It is submitted that an averment of each conveyance separately, from the government down to the last grantee (in this case the Plaintiff,) is an averment of an issuable fact, and not of evidence, and that such averments being admitted, the unavoidable conclusion of the law is, that the legal title is in such grantee, which proposition the Respondent's attorney feels justified in making, without citing any authorities.

HENRY HINDS, Counsel for Appellant.

JOHN H. BROWN, Counsel for Respondent.

*By the Court.*—ATWATER, J.—This was an action to recover possession of real estate, and the value of the occupation of the same by Defendant. The Defendant demurred to the complaint, the demurrer was overruled, and Defendant appealed to this Court.

The first ground of demurrer specified is, that several causes of action have been improperly united in the complaint, to wit : a cause of action for the recovery of the premises therein described, is united with a cause of action for the occupation of the same premises.

This ground of demurrer I think not well taken. *Sub.* 1, *of sec.* 83, *Comp. Stat*, provides, that the Plaintiff may unite several causes of action in the same complaint, when they are included in either of the following classes :

The same transaction, or transactions connected with the same subject of action. If the wrongful entry of the Defendant upon the premises be considered the main subject of the action, the after occupation by the Defendant of the premises, is certainly "connected" with that subject of action.

Subdivision 5 of the same section was also, doubtless, intended to cover a case of this kind. That provides that the Plaintiff may unite "claims to recover real property, with or without damages for withholding thereof, and the rents and profits of the same." The Plaintiff has alleged the value of the premises during their occupation by Defendant, to be five dollars per month, and demands judgment for the same. This is equivalent to an allegation that he has sustained damage to that amount, or that the rent of the premises was worth that sum, although he has not used those terms. The decisions under a similar provision of the New York Code, permit the joining of these claims in the same action. (8 *How.*, 520; 17 *How.*, 64.)

The second objection to the complaint raised by the demurrer is, that it does not state facts sufficient to constitute a cause of action, in that it does not state that the Plaintiff is possessed or seized of said premises in fee, or state that he is the owner of the same. This objection I think well taken. The complaint first alleges that the town site of

Shakopee was entered and purchased as a town site, of the United States, at their land office in Red Wing, by Andrew G. Chatfield, Judge of Scott County, &c.

That on the 6th day of December, 1860, the said Chatfield, under certain specified acts authorizing him so to do, conveyed by deed the premises in question to Plaintiff, (the same being within the town of Shakopee, purchased as aforesaid by Judge Chatfield.)

These are all the allegations of facts connecting the Plain-tiff with the title to the premises in question. The complaint then alleges " that on or about the 17th day of September, 1861, the Defendant wrongfully, and in defiance of the right of the Plaintiff, entered upon and took possession of said premises so conveyed to this Plaintiff as aforesaid, and so continued in possession thereof to the time of commencing this action." Admitting that the Plaintiff has alleged sufficient to show himself owner of the premises on the 6th of December, 1860, the objection is, that he has failed to show himself owner at the time of the alleged wrongful entry. The allegation that the entry was " wrongful " and " in defiance of the rights of the Plaintiff," cannot aid or supply the defect, since those averments refer to the acts of Defendant, and not to the title of Plaintiff. It does not necessarily follow that because the Plaintiff was the owner of the premises in 1860, he was so some nine months afterward, when the alleged wrong was done. The only claim on which it could be pretended that the pleading is sufficient, would be, that the Plaintiff having once shown title in himself, the presumption of law is, that the ownership continues until the contrary is shown. Whether this proposition be true or not, in any case, I am clearly of the opinion that it is not, in the action of ejectment, or as applied to that action, in which the Plaintiff must rely upon his strict legal title, or right of possession at the time of the commencement of the action. All the old authorities and precedents are to this effect, and the Code has not changed the necessity for these substantive averments. (*Gra. Pr.*, 285; *Paine & Duer's Pr.*, vol. 2, 498; *Chitty's Plead.*, vol. 2, 880; *Steph. on Plead.*, 33.)

In *McClane vs. White*, 5 *Minn.*, 178, we had occasion to

consider the requisites of a complaint in an action of this kind, and it will be seen that this complaint lacks an essential averment found in the pleading, which was approved in that case. As the Plaintiff has failed to aver ownership or right of possession in himself, either at the time of the commission of the alleged wrong or at the commencement of the action, I think the demurrer was improperly overruled, and that the judgment below should be reversed, the case remanded to the District Court, and the Plaintiff have twenty days after service of a copy of the order to be entered hereon to amend his complaint.