## HENRY MILLER, Adm'r, *vs.* MARIE HOBERG.

### October 20, 1875.

**Administrator's Rights in Real Estate of Intestate.**—The right of an administrator to the possession of the real estate of his intestate, given by Gen. St. ch. 52, § 6, does not depend on the insufficiency of the personal property to pay the debts, and he may sue for such possession without an order of the probate court.

**Same—Ejectment by Administrator—Title, how Pleaded.**—In such suit no presumption arises on the complaint, from the allegation of the title in the intestate prior to his death, that the real estate continues the property of the estate at the time of commencing the action. *Armstrong* v. *Hinds,* 8 Minn. 254, followed.

Appeal by defendant from an order of the district court for Nicollet county, *Hanscome,* J., presiding, overruling a demurrer to the complaint.

*Ladd & Stone,* for appellant.

*Cox & Gronlund,* for respondent.

GILFILLAN, C. J. In ejectment. The complaint alleges the death of the intestate, August 17, 1870, the appointment of plaintiff as administrator, September 3, 1874, and his qualifying as such; that on and before said August 17, 1870, the intestate was owner in fee and in possession of the real estate; the entry upon the land by defendant; that she wrongfully and unlawfully withholds the same from the estate and the plaintiff as administrator, "who (the complaint states) is entitled to the possession of the same as administrator," and that he has demanded possession.

The demurrer to the complaint is upon the grounds that plaintiff has not legal capacity to sue, that there is a defect of parties plaintiff in the omission of the heirs of the intestate, and that the complaint does not state facts sufficient to constitute a cause of action.

There is nothing in the first two of these grounds. The plaintiff's legal capacity to sue depends on his character as administrator, and not on his right to recover for the cause

alleged in the complaint. His right to the possession, if he has any, is sole, and exclusive of the right of the heirs, and not a joint right.

Upon the last ground the defendant claims that an administrator's right to sue for the possession of real estate belonging to the estate does not accrue until the probate court orders such suit to be brought, or, if that is not necessary, then his right to the possession of the real estate accrues only when the personal property is insufficient to pay the debts. Neither of these propositions is correct. The statute, Gen. St. ch. 52, § 6, gives the administrator the right to the possession, and to the rents, issues and profits, and attaches no condition or qualification to such right. The heirs have the right to the possession as against every one but the administrator or his tenants. He has the right to the possession as against the heirs, or any other persons, until the estate is settled, or until delivered over by order of the probate court, and the right to sue follows as a necessary consequence.

But, according to the rule laid down in the case of *Armstrong* v. *Hinds*, 8 Minn. 254, the complaint does not show that at the commencement of the action the real estate belonged to the estate of the intestate. In that case it was held that in an action of ejectment no presumption arises, upon the pleadings, that ownership alleged as of a date anterior to the commencement of the action has continued to that time. This makes it necessary that in such an action the party shall allege the title upon which he relies as existing at the time of the commencement of the action. As it is of more importance that rules of pleading and practice shall be known and settled than that they shall be theoretically correct, we will adhere to that decision. The title which the intestate held might be devested between the time of his death and the appointment of the administrator, (one way in which it might be devested is by foreclosure of a mortgage executed prior to the death,) and, therefore, the

rule is as applicable to a case like this as to one where the owner himself sues.

The demurrer should have been sustained on this ground, and the order overruling it is, therefore, reversed.