SAMUEL D. LORD *vs.* SAMUEL DEARING.

August 17, 1877.

**Ejectment—Joinder of Claims Affecting Real Property in One Action.**—A cause of action for the recovery of real property, with damages for withholding the same, may be united in the same complaint with one for the rents and profits, or mesne profits, of the same lands.

**Same—Same—Claim by Grantee, under Assignment from Grantor, for Prior Use and Occupation.**—Defendant's unlawful and wrongful possession of the premises in question commenced in 1867 and continued till this suit. Plaintiff's grantor was the owner, entitled to the possession during this time, prior to October 23, 1874, when she granted the premises in fee to plaintiff, and in and by the same deed of conveyance "sold, assigned and transferred to the latter all her right, title and claim to the rents and profits of the lands, and her cause of action therefor," against defendant, accruing during the time he had thus deprived her of the use and possessions of such lands. In an action by plaintiff to recover possession of such real property, *held*, that he might recover in the same action for such rents and profits from 1867.

The complaint in this case set out two causes of action: *First*, that on October 8, 1867, one Stevens was the owner in fee simple of the undivided one-half of certain real property, therein described; that she continued to be the owner of such property until October 23, 1874, when she conveyed the same to the plaintiff; that said plaintiff has ever since remained the owner of said property, and that the defendant has been since 1867, and now is, wrongfully in the possession thereof, and wrongfully withholds the same from the plaintiff, to his damage in the sum of $500; *second*, that the value of the

rents, profits, use and occupancy thereof, during the said time, is $125 per year; that on October 23, 1874, the said Stevens assigned to plaintiff her right to the rents, profits, use and occupancy thereof to the date of said deed, and also all her right and cause of action therefor, and for damages for withholding the possession thereof from her. Plaintiff therefore demanded judgment for the restitution of the premises, for the sum of $500 for withholding the same, and for the sum of $750, the value of the rents and profits, use and occupancy of the said premises. To this complaint the defendant demurred, but the district court for Ramsey county, *Brill,* J., presiding, overruled the demurrer, and the defendant thereupon appealed.

*Lamprey & James,* for appellant.

A claim for the possession of real estate cannot be united with a claim for use and occupation. Gen. St. c. 41. § 103, sub. 5. A claim for "rents" does not include a claim for "use and occupation," because the former term necessarily presupposes a lease, and the relation of landlord and tenant, while the latter does not. Neither is the term "use and occupation" included in the statutory terms "damages" or "profit." *Holmes* v. *Williams,* 16 Minn. 164.

But the plaintiff also unites to the claim for possession, and the claim for use and occupation, a further claim as assignee of a demand against the defendant. This would seem to be clearly unauthorized by the statute, for even if a cause of action for the possession of real estate may be united with one for damages for withholding the same, the "withholding" must necessarily be from the plaintiff and not from some one else.

*A. R. Capehart,* for respondent.

The questions raised by this demurrer have been decided by *Armstrong* v. *Hinds,* 8 Minn. 221, (254,) and *Merrill* v. *Dearing,* 22 Minn. 376. *Holmes* v. *Williams* has no application to the case at bar. *Wells* v. *Masterson,* 6 Minn. 401, (566.)

The statute provides that all actions shall be brought in the

name of the real party in interest, (Gen. St. c. 66, § 26,) and therefore the objection that the plaintiff has united a cause of action accruing to himself, with one that has accrued to him by assignment, is without force.

CORNELL, J.   Any and all causes of action included in the fifth subdivision of section 98, c. 66, Gen. St., may be united in one action and complaint, whenever they affect all the parties to the action, and do not require different places of trial.   In terms, the statute allows the joinder of a cause of action for the recovery of real estate with damages for withholding the same, with one for the rents and profits of the same property.   This provision of the statute was taken from the New York code of practice, and was undoubtedly intended to serve a like purpose, and receive a like meaning and construction.   At common law the possession of land unlawfully detained from the party rightfully entitled thereto was recoverable in an action of ejectment, together with nominal damages for the supposed ouster.   The real damages, however, sustained by such party by reason of having been thus unlawfully kept out of the possession and deprived of the use of the land, and which were termed "mesne profits," were only recoverable after judgment in ejectment, in a separate action, either of trespass for damages, or, in case the party elected to waive the tort, by *assumpsit* for the use and occupation of the land during the time the defendant in ejectment had thus held illegal possession of said premises.   By the statutory provisions of that state, regulating proceedings in ejectment, which were in force at the time of the adoption of the Code, the common law action of trespass for such mesne profits was abolished, and they were allowed to be recovered under the entry of a suggestion of a claim therefor made upon the record of the judgment in ejectment.   This suggestion was in the nature of a declaration in *assumpsit* for use and occupation, containing, substantially, like allegations and supported by like proofs.   It is apparent, therefore, that the claim for damages set up in the first count of the complaint

herein, for the wrongful withholding of said premises, is not a separate or distinct cause of action from the recovery of the land, but simply represents the nominal damages which the plaintiff in the common law action of ejectment was permitted to recover on account of the supposed ouster. Neither does the claim in the second count for the value of the rents and profits, and of the use and occupancy of said premises, indicate two distinct causes of action, but both clearly have reference to one and the same thing, namely, what was known at common law as the mesne profits of lands, the possession of which had been recovered in ejectment, and which had accrued during the time such lands had been wrongfully withheld from the party rightfully entitled to their possession. In this regard, then, there is no misjoinder of causes of action in this complaint. *Livingston* v. *Tanner*, 12 Barb. 481; *Holmes* v. *Davis*, 19 N. Y. 488.

It is further objected that as plaintiff's title to the premises and his consequent right of possession only accrued on the twenty-third day of October, 1874, he cannot in this action recover anything for the rents and profits prior to that time, and that the claim therefor is improperly interposed in the complaint herein. The complaint alleges a continuous wrongful and unlawful possession of the premises by the defendant, and a wrongful witholding thereof ever since 1867, ownership and right of possession in plaintiff's immediate grantor from some time prior thereto till October 23, 1874, when she granted the same to plaintiff, and in and by the same deed of conveyance sold, assigned, transferred and conveyed to the plaintiff all her right, title and claim to the rents and profits, and for the use and occupancy of said premises during the time she had been so kept out of possession by defendant, and all the right and cause of action therefor. The manifest intention of this instrument was not only to transfer to plaintiff the absolute title and ownership of the premises, but, as respected the defendant and his wrongful act in retaining the possession against the lawful owner, all

the legal rights incident to such ownership during the time of the unlawful possession by the defendant. There is no doubt that the plaintiff acquired, by this deed of conveyance, the right to maintain an action against the defendant to recover the damages occasioned by reason of his prior wrongful act of possession, and the ground of such action rested not upon any contract with the defendant, but upon such, his wrongful act, and as this continued after plaintiff's title to the land accrued, no good reason occurs why plaintiff may not be permitted to treat defendant's unlawful possession, from its inception to its close, as in fact it was, as one continuous wrongful act, and recover damages therefor in one action. Certainly defendant has no right to complain that he has not been subjected to the cost and expense of two actions instead of one. There is nothing in the complaint indicating that the defendant's possession was that of a tenant in common, or that he makes any claim of that character, and hence the point made by appellant on this branch of the case is not before us and need not be considered. Whether, under the allegations in the complaint, the plaintiff would be entitled to recover possession of the whole of the premises, or only an undivided portion thereof, is also a matter not involved in the determination of the sufficiency of the complaint, which is the only question raised by the demurrer.

Order affirmed.