## JOHN EMRICH *v.* MICHAEL IRELAND.

1. EJECTMENT. *Damages at common law.*

Since the action of ejectment was adopted as a mode of trying title to real estate, it is well settled, as a rule of common law, that the jury, in the assessment of damages, are confined to a compensation for the injury sustained by the eject-ment, which, being fictitious, the damages can only be nominal.

2. SAME. *The action originally. Mesne profits, how recovered since its adoption to try title.*

The action of ejectment was originally a remedy for a tenant who had been ejected, and he recovered his term and damages for the time he had been kept out of possession, which included the profits of the land. But when the action lost its primary characteristic, and was adopted merely to try title, that which originally was a reality — the lease, entry, and ouster — was retained as mere fictions, and *mesne* profits were recovered in a subsequent action.

3. SAME. *Mesne profits under the code of 1871, section 1557.*
   Under the Code of 1871, section 1557, it is optional with the plaintiff to demand and recover the *mesne* profits in his action of ejectment, or he may pretermit them and recover them, in a subsequent action, after the recovery in ejectment.

4. SAME. *Damages for waste, at common law.*
   At common law, damages for waste could be recovered in an action for *mesne* profits, if specifically counted for and demanded in the declaration.
   *Quære:* Can damages for waste and for injuries to the freeholder be recovered in an ejectment suit, under Code of 1871, section 1557?

5. TRESPASS QUARE CLAUSUM FREGIT. *Who may maintain the action.*
   The general rule is that only the party in possession can maintain the action of trespass *quare clausum fregit.* But, after the disseizee regains possession, he can maintain his action against the disseizor for acts intermediate the disseizin and reëntry.

6. FIXTURES. *Fences are.*
   It is well settled that fencing is a fixture, and part of the freehold.

7. PURCHASER BONA FIDE. *Who is.*
   A purchaser of land who does not entertain the honest belief that he is the true owner cannot assume the merit of being a purchaser in good faith, and is responsible in damages for the removal of fixtures which he himself placed on the land.

ERROR to the Circuit Court of Marshall County.

Hon. R. S. STITH, Special Judge, by agreement of parties, Hon. J. W. C. Watson having been of counsel for the plaintiff below.

Sometime prior to the war, Michael Ireland became the owner of a lot in the town of Chulahoma. In 1864 he left the country, and did not return until the latter part of 1875, or January, 1876. During his absence one D. M. Davis assumed, without authority, to act as Ireland's agent in renting out the lot, paying taxes, etc. About the year 1874 D. M. Davis purchased the lot at a tax 'sale, and, as he thought, got the tax-collector's deed for the same, and, in August 1875, sold and conveyed to John Emrich the said lot, following the description contained in the tax-collector's deed. This description, as it turned out, called for a wholly different lot, and did not embrace any portion of Ireland's lot. In March, 1876, Ireland brought an action of ejectment in the Circuit Court of Marshall County, against John Emrich, to recover the possession

of said lot, claiming in his declaration only nominal damages, according to the form laid down in the Revised Code of 1871. The defendant, in his plea, denied possession, and admitted the plaintiff's title, and thereupon a judgment was rendered for the possession of the lot, in plaintiff's favor, without damages. At the time that the defendant, as he thought, purchased the lot and took possession thereof, the only improvement upon it consisted of a double log-cabin, worth, according to the testimony, some $25 to $75. The defendant, shortly after his supposed purchase, placed a common rail-fence around the lot. In March, 1876, whilst the action of ejectment was pending, the defendant's son, then a member of defendant's family, removed from the lot and placed upon defendant's land the log-house and fence. The proof went to show that the hauling was done with the defendant's team, and at a time when the son was in defendant's service, or acting as his agent. The present action was brought by the plaintiff, shortly after the termination of the ejectment suit, to recover damages for injury to the freehold occasioned by the removal of said house and fence. The following charge, amongst others, · was given for the plaintiff below :

" 2. If the jury believe from the evidence that whilst John Emrich, Jr., was removing the house from the lot of Ireland, without his knowledge, he was acting as the agent and under the authority of his father, John Emrich, Sr., then such removal was the· act of John Emrich, Sr., and he is liable therefor, if such removal took place after the action in ejectment, and they must find the value ·of said house for the plaintiff."

The giving ·of this charge is assigned as error by plaintiff in error.

The court below refused to give the following charges asked by the plaintiff in error.

" 3. If the jury believe from the evidence that John Emrich, the defendant, had color of title to the lot, and in good faith put the only fence on the lot that was on it, and

that the same was a valuable, and not an ornamental, improvement, the plaintiff in this action cannot recover the value of such fence."

"4. If the jury believe from the evidence that plaintiff brought his action of ejectment, and claimed damages in said action, and that the judgment of the court in said suit was for the possession of the lot, without damages, then plaintiff cannot recover in this case, if the jury believe from the evidence that the damages sued for in this case occurred before said judgment was rendered."

"5. Under the proof introduced by the plaintiff in this case as to the action of ejectment, plaintiff cannot recover for any damages done by defendant before the 31st March, 1876."

The action of the court in refusing these charges is assigned for error by the plaintiff in error.

*Walter & Walter*, for the plaintiff in error.

1. Under the common-law rule the action of ejectment was strictly a fictitious action, settling merely the right of possession, and sounding only in nominal damages; an action for damages being an action *in personam*, and not *in rem*, the judgment for damages would necessarily be nominal as against an imaginary person. The tendency of our law-makers has been to do away with all of the forms and fictions that incumbered this action. Acts 1846; Acts 1850; Code 1857. The legislation of 1846 and 1850 was received with disfavor by the courts, as in *Davis* v. *Doe* ex dem. *Delpit*, 25 Miss. 445; and it was not until the legislation of 1857, after all the fictions had been abolished, and after it had been twice enacted by statute, that the court held, in *Garner* v. *Jones*, 34 Miss. 505, that mesne profits and damages could be sued for and obtained in an action of ejectment. Since *Garner* v. *Jones*, *supra*, it has been the uniform tendency of this court to give more scope to the remedy afforded by ejectment. *Nixon* et al. v. *Porter* et al., 38 Miss. 401; *Learned* v. *Corbey*, 43 Miss. 687.

Plaintiff in the court below introduced in evidence a trans-

cript of the record of an action in ejectment against plaintiff in error, in which he had sued for damages, and had recovered judgment on March 31, 1876.

2. Defendant in error had the right to sue for damages in his action of ejectment. *Garner* v. *Jones*, 34 Miss. 505; *Nixon* et al. v. *Porter* et al., 38 Miss. 401; *Learned* v. *Corbey*, 43 Miss. 687; *White, Admr.*, et al. v. *Tucker*, 52 Miss. 145; *Cole* v. *Johnson*, 53 Miss. 94; *Gaines* v. *Kennedy*, 53 Miss. 103; Rev. Code 1871, sec. 1557; 4 Cal. 291; 3 Wall. 478; 18 B. Mon. 541; 8 Minn. 254; 12 Barb. 481; 23 How. Pr. 247; 4 Dall. 138; 13 Ired. 439; 4 Wheat. 230. In *Alsop* v. *Peek*, 2 Root, 234, it was held that the jury might assess damages in ejectment, not only for the rents and profits, but for waste committed on the premises.

The damages sued for occurred prior to the rendition of the judgment in the ejectment suit. Defendant in error could not declare for damages in his ejectment suit and then bring a separate action for the same relief. Rev. Code, secs. 1547, 1557; *Learned* v. *Corbey, supra.* In *Gaines* v. *Kennedy*, 53 Miss. 103, it was held that an adjudication in ejectment " covers, not only all that was proved in the issue, but all that might have been established," putting the action of ejectment upon the same footing with any other action at law. All rights of action accruing prior to the judgment in ejectment were *res adjudicata*, and, in consequence, the court erred in granting plaintiff's second instruction, and in refusing defendant's fourth and fifth instructions. In the action of ejectment, defendant in error did not sue for nominal damages, as in Form No. 1, Revised Code of 1871, section 1547, first part, but for actual damages; and the judgment in ejectment was " that plaintiff recover possession of the property in plaintiff's declaration mentioned, without damages. Clearly, defendant in error is estopped from bringing any action for damages. *White, Admr.*, et al. v. *Tucker*, 52 Miss. 147.

3. Plaintiff in error asked the court to instruct the jury as follows: " If the jury believe from the evidence that John

Emrich, the defendant, had color of title to the lot, and in good faith put the only fence on the lot that was on it, and that the same was not an ornamental improvement, then plaintiff in this action cannot recover the value of such fence." Which charge the court refused to give, and erred in so refusing. The charge falls literally within the provisions of section 1557 of the Revised Code of 1871, as amended by the act of February 22, 1872 (Pamphlet Acts 1872, p. 25). *Cole* v. *Johnson*, 53 Miss. 94, citing *Learned* v. *Corbey*, 43 Miss. 687. As to what constitutes color of title, see *Cole* v. *Johnson*, *supra*, 99-101, citing *Green* v. *Biddle*, 8 Wheat. 1, and on this point overruling *Learned* v. *Corbey*, *supra*.

4. Did the jury, under the facts in the case, have the right to find for exemplary damages? In the court below the testimony was very conflicting as to the value of the property removed from the lot in controversy, it, however, being estimated as worth greatly less than the verdict rendered for damages. There is a broad distinction between the measure of damages for trespass *in personam* and trespass *in rem*. The former is much more stringent than the latter — exemplary damages being given by way of punishment, and to operate by way of example. *Bell* v. *Morrison*, 5 Cushm. 68 ; *New Orleans, St. Louis & Chicago R. R. Co.* v. *Burke*, 53 Miss. 202.

In actions for damages, where the taking is unaccompanied by fraud, malice, oppression, or willful wrong, this court has held the measure of damages to be the value of the property at the time of the taking, with interest to the time of the trial ; and this is a rule of law for the court, about which the jury have no discretion. *Whitfield* v. *Whitfield*, 40 Miss. 352 ; *Briscoe* v. *McElween*, 43 Miss. 556 ; *Jamison* v. *Moon*, 43 Miss. 598. In *Storm* v. *Green*, 50 Miss. 103, it was held that, " when willfulness, fraud, malice, or oppression, evincing a disregard of the rights of others, characterized the wrongful act complained of, the jury are not limited to the mere value of the property and interest," but may assess exemplary damages " as a punishment to the willful trespasser." The facts in the

case at bar are the reverse of those " evincing a disregard of
the rights of others."    Same principle as in 8 Ired. 236 ; 1 E.
D. Smith, 196 ; 20 Ill. 37 ; 23 Cal. 306 ; *Loker* v. *Damon*, 17
Pick. 284.

In actions of tort for the destruction of property, its value
furnishes the measure of damages, from which, if the jury ma-
terially depart, the court will order a new trial.    *Bailey* v.
*Jeffords*, 2 Spears, 271 ; *Whitbeck* v. *New York etc.*, *R. R.*
*Co.*, 50 Barb. 612 ; *Harvey* v. *Sides, etc., Co.* 1 Nev. 539.

5. Part of the property was removed by the son of plaintiff
in error, and without his sanction or authority.    Full knowl-
edge on the part of the principal must be shown, in order to
make a receipt of the fruits of an unauthorized act of an agent
a ratification.

*Watson & Smith*, for the defendant in error.

1. The second charge asked by plaintiff in error, on the trial,
was properly refused for two reasons : First, the proof in the
case excluded the idea that the plaintiff in error had " color
of title " to said lot, or put the fence around it in good
faith ; hence the charge was not applicable to the facts.
Charges must be applicable to the facts as proven.    *O'Reilly*
v. *Hendricks*, 2 Smed. & M. 299 ; *Wright.* v. *Clark*, 5 Ga.
116 ; *Fairly* v. *Fairly*, 9 Ga. 280.    Second, even admitting
that the plaintiff in error had color of title to said lot, and in
good faith put the fence around it, he had no right to remove the
fence and convert it to his own use whilst the action of eject-
ment was pending.    When the fence was erected, it became as
much a part of the freehold as the soil itself, and, the plaintiff
in error having failed in the ejectment suit to claim compensa-
tion for improvements, the legal presumption is that the mesne
profits fully compensated him.    The right of a party who has
made improvements under color of title, and in good faith, to
claim compensation therefor against the rightful owner cer-
tainly does not justify him in tearing down and removing these
improvements whilst the action of ejectment is pending ; and
if he does this, he is undoubtedly liable for damages to the true

owner. It cannot be questioned that the fence became, by the act of building, a part of the freehold. *Wentz* v. *Fencher*, 12 Ired. 297; 1 Washb. on Real Prop., 3d ed., 115, sec. 4.

2. The fourth charge asked by plaintiff in error proceeds upon the theory that the rights of the defendant in error, as to damages, were finally settled in the action of ejectment, and that, no damages having been awarded him, the whole matter is now *res adjudicata.* This view of the case is manifestly erroneous. In all actions of ejectment, even where mesne profits are claimed, the damages are merely nominal; and nothing more in the way of damages could have been assessed by the jury. *Davis* v. *Doe*, ex dem. *Delpit*, 25 Miss. 447, 448. At common law the action of ejectment was brought to recover damages for the alleged ouster only; now, the object of the action is to recover the term, and not damages. 3 Bac. Abr. 436, title " Ejectment," H. For damages done to the freehold, a separate suit must be brought. *Pacquette* v. *Pickness*, 19 Wis. 325. Such being the well-established law of the case, the fourth instruction asked by plaintiff in error was properly refused.

3. The refusal of the court to give the fifth charge asked by the plaintiff in error was strictly in accordance with the law of the case as laid down in the foregoing authorities, and, hence, not error. The fifth charge embodies, in a slightly changed form, the doctrine contained in the fourth charge, which we have shown was rightly refused. Plaintiff in error claimed to be in possession under a deed worthless on account of misdescription; and, therefore, his possession was tortious *Cole* v. *Johnson*, 53 Miss. 100; *Sign* v. *Frye*, 62 Ill. 507; *Wright* v. *Mattison*, 18 How. 56. And it is claimed that he, having put the fence around the lot, could remove it. This position is erroneous. Where one builds with an evil intent, with his own timber, on another's soil, it becomes the owner's of the soil. *Stillman* v. *Hamer*, 7 How. 425; *Gray* v. *Oylee*, 2 Bush, 261. And if such buildings are removed by the party placing them there, he is liable to the owner of the soil

for their value. *Sheebschaum* v. *McHenry*, 29 Wis. 655. In
our declaration in ejectment we demanded the land and the ap-
purtenances, and the judgment was for the property described
in the declaration ; and, hence, their removal was tortious. A
plaintiff in ejectment is as much entitled to recover the im-
provements as the land. *McMinn* v. *Mayes*, 4 Cal. 209. All
things attached to the realty which are necessary to its full
and free enjoyment, are fixtures. *English* v. *Foster*, 8 Smed.
& M. 451 ; *Potter* v. *Cromwell*, 40 N. Y. 295 ; *Buckley* v.
*Buckley*, 4 Barb. 45 ; *Farris* v. *Walker*, 1 Bailey, 540 ; *Green*
v. *Phillips*, 26 Gratt. 752. Fences are necessary for the full
and free enjoyment of the freehold, and are fixtures. *Mitchell*
v. *Billingsly*, 17 Ala. 393 ; *Glidden* v. *Bennett*, 43 N. H. 306 ;
*Wentz* v. *Fincher*, 12 Ired. ; *Smith* v. *Carroll*, 4 Greene (Iowa),
146 ; *Gibson* v. *Vaughn*, 2 Bailey, 389 ; *Voorhees* v. *McGinnis*,
48 N. Y. 282 ; *Caper* v. *Peckham*, 35 Conn. 88. The defend-
ant in error having the right of property and of immediate
possession, he can maintain the action of trespass, though
not in actual possession. *Dejarnett* v. *Haynes*, 23 Miss. 600 ;
*Mason* v. *Lewis*, 1 Iowa, 494.

4. The court did err in giving the second charge for defend-
ant in error. The proof was ample that John Emrich, Jr.,
was in the habit of acting as his father's agent. This being a
question of fact for the jury, they decided he was. John
Emrich, Sr., received the benefit of his son's acts with full
knowledge of all the facts, and the law, under these circum-
stances, would make him an agent, and his principal liable. 53
Miss. 238 ; Story on Ag., secs. 89, 242, 244. The mere fact
that the agent was a trespasser does not excuse the principal.
6 Ga. 391. Plaintiff in error has had two fair trials, and both
times judgment has been rendered against him. The case is
one mostly of facts, and this court will not reverse or disturb
the judgment when the successful party, upon the whole, was
entitled to recover. 53 Miss. 200, 307 ; 52 Miss. 547. The
question for this court to determine in considering whether
the verdict of a jury is sustained by the evidence is, not

whether the verdict is clearly right, but is it manifestly wrong. *Mississippi Central R. R. Co.* v. *Whitfield*, 43 Miss. 466; *Prewett* v. *Coopwood*, 30 Miss. 369.

SIMRALL, C. J., delivered the opinion of the court.

In the case of *Davis* v. *Doe* ex dem. *Delpit*, 25 Miss. 446, in an opinion delivered on a second argument, the court, after a careful study of the authorities, declared " that ever since the action of ejectment was adopted as a mode of trying title to real estate, it has been well settled as a rule of the common law that the jury, in the assessment of damages, are confined to a compensation for the injury sustained by the ejectment; which being fictitious, the damage can only be nominal." Originally, the action was a remedy for a tenant who had been ejected, and he recovered his term and damages for the time he had been kept out of the possession, which included, of course, the profits of the land. But when the action lost its primary characteristic, and was adopted merely to try the title, that which originally was a reality — the lease, entry, and ouster — was retained, as mere fictions; and compensation for profits was recovered in a subsequent action.

A recurrence to the common law is only valuable as it may throw light on our statute regulating the action of ejectment. Section 1557 of the Code of 1871 makes it optional for the plaintiff to " declare for and recover mesne profits " in the action of ejectment, or he may pretermit the claim in that suit, " and have his recovery for the mesne profits after recovery in ejectment, as heretofore."

Plainly, the statute intends that the plaintiff must make a *specific claim* for mesne profits in his suit to recover the land, or he will not be barred of his subsequent action. That is implied in the words " declare for "—that is, distinctly set forth his demand as a cause of action. This is clearly indicated by the formula of pleading in section 1547. If the declaration be merely for recovery of possession of the land, the conclusion is, " and that the defendant wrongfully deprives him of the

possession thereof, to his damage one hundred dollars." If mesne profits are demanded, the direction is to add to the "above form the following: And the said plaintiff also demands of the defendant the sum of —— dollars, for the use and occupation of the land by the defendant from the aforesaid day (that is, the day of the accrual of his right) to the commencement of this suit, being at the rate of —— dollars per year."

The record of the ejectment suit between Ireland, the defendant in error, and Emrich, the plaintiff in error, shows that the cause of action was limited to a recovery of the land, and no claim was made for mesne profits. The judgment in that suit cannot be set up as "*res adjudicata*" of the subject-matters in issue in this suit. The wrongs and injury complained of in this action were not embraced in that. The ejectment suit involved no more than the right of possession of the land, and nominal damages for the detention.

The common law did not permit a recovery in the action for mesne profits of damages for waste, unless clearly counted for and demanded in the declaration. It admits of grave doubt whether a claim for such injury is not excluded in the statutory action. The form of declaration where the mesne profits are included in the ejectment is, "for the use and occupation at —— dollars per year." But that question is not involved in this suit, and we reserve our opinion. In Wisconsin a statute contained the same elements as ours. In *Pacquette* v. *Pickness*, 19 Wis. 240, it was held that, where mesne profits were demanded in the ejectment, nothing more could be recovered than the value of the use and occupation of the premises, and that for injuries to the freehold a separate action could be maintained.

The general rule is that only the party in possession can bring the action of trespass *quare clausum fregit*. But it was also a rule of the common law that the disseizee, after he had regained possession, could maintain the action against the disseizor for acts intermediate the disseizin and reëntry; for as

to these, after reëntry the law supposes the freehold to have continued in the disseizee. In *Lefford's Case*, 11 Rep. 51, this illustration is given : " If one disseizes me, and during the disseizin cuts down trees, etc., and afterwards I reënter, I shall have an action of trespass *vi et armis;* for, after my regress, the law supposes the freehold always continued in me."

Nor does it matter whether the reëntry was by recovery in ejectment, or without the aid of the law. *Durrey* v. *Osborn,* 4 Conn. 338 ; 3 Bla. Com. 210 ; *Leland* v. *Toncey*, 1 Hill. 330. The wrongs complained of in this suit are : tearing down and removing a house from the premises, and a fence which inclosed it in part. These acts were injurious to the freehold, for which the owner in fee could be compensated in an appropriate action, though a term for years, or a particular estate, might have been outstanding in a tenant.

To recur very briefly to the prominent facts : The proof was full that the plaintiff was owner of the property, and that the house and fencing were removed in March (about the 16th), 1876, and were used on the defendant's land. The ejectment suit was brought February 28, 1876, on which day the writ was served. At the ensuing March term, Emrich, the defendant, appeared, disclaimed interest in himself, admitted title in Ireland, the plaintiff, and denied possession. In his testimony the defendant admitted that Drayton M. Davis, who conveyed to him by quitclaim deed, had no title, because of a misdescription of the land in the tax-collector's deed to him. It was also proved that Davis (after Ireland removed from the land in 1864) assumed to act as his agent in collecting rents, etc., none of which he has paid over. The jury were warranted in inferring that the defendant knew that he had acquired no title by the deed from Davis, and that for that reason he abandoned possession after he was sued in ejectment. And with that knowledge he committed the spoliations complained of.

We are satisfied that the judgment in the ejectment suit

between these parties cannot be interposed as " *res adjudi- cata*" of the matters embraced in this suit; and that the de- fendant is liable in this action in damages for the waste which he committed, or which was done with his sanction and ap- proval. A question is made in this court, as it was in the Circuit Court, that the testimony is insufficient to charge the defendant for the acts of his son (who actually removed the house and fencing). The Circuit Court, in substance, charged the jury, for the defendant, that he was not responsible unless he sanctioned or .approved or ratified the acts of the son done for his benefit. The testimony was that the son hauled the materials of the house, and the rails, with his father's team (of whose family he was a member at the time), and that the lumber and logs of the house were used in the construction of another house, on the defendant's land — the rails built into the defendant's fence. It was also proved that the defendant generally acted as agent for his father. From such testimony the jury did believe, as declared by their find- ing, that the defendant approved and ratified the conduct of his son.

But it is contended that the removal of the rails stands upon a different ground — that the defendant had a right to remove them, because he put them on the premises. It is quite well set- tled in the modern cases that fencing is a fixture, and part of the freehold. 2 Kent's Com. 346; *Mitchell* v. *Billingsly*, 17 Ala. 393; *Walker* v. *Sherman*, 20 Wend. 636. The very question was made in *Wentz* v. *Fincher*, 12 Ired. 298. There the fence was built by the plaintiff, on the defendant's land, without his consent. " By the act of building," said the court, " it became part of the freehold, upon the common-law maxim, *cujus est solum, ejus est usque ad cœlum.*" *Murchison* v. *White*, 8 Ired. 52; *Shubschaum* v. *McHenry*, 29 Wis. 655.

There is no error in the charges to the jury given for the plaintiff.

The defendant cannot assume the merit of being a pur- chaser in good faith. He did not entertain the honest belief

that he was the true owner. *Cole* v. *Johnson*, 53 Miss. 100. The refusal to give the defendant's fourth request was proper, and in consonance with the views hereinbefore expressed. The finding of the jury is sustained by the testimony.

Judgment affirmed.