A. L. DUNCAN, ET. AL., APPELLANTS, vs. JOHN JACKSON, ET
ALS., APPELLEES.

1. Where the verdict of the jury is plainly against testimony, as to which
   there is no question of credibility, a new trial should be awarded.
   Hence, in an action of ejectment, under our statute, where there is no.
   question as to the allowance of mesne profits, and where the value
   is fixed by the testimony, the jury must find some damages.

2. Under the statutes of this State, certain occupying claimants, after
   judgment of eviction against them, may have the value of their im-
   provements assessed by a jury in a particular manner and under a
   special charge. This and other provisions of the statute are of such
   character that the value of the improvements cannot be set off be-
   fore judgment against the mesne profits recoverable as damages in
   the action of ejectment.

Appeal from the Circuit Court for Escambia county.

The facts of the case are stated in the opinion of the
court.

*E. A. Perry* for Appellants.

*R. L. Campbell* for Appellees.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

This is an action of ejectment wherein there was judg-
ment for the appellants, who were plaintiffs in the court be-
low.   The land for which the action was brought was a lot
in the city of Pensacola, and the judgment was for one-half
of it.   There was a motion for a new trial, which was denied,
and from the consequent judgment this appeal is prose-
cuted.   There are several grounds upon which this motion
was based, but in the disposition of the case we refer to
only one.   Under our statute, (Chapter 999, Laws,) the
plaintiff is entitled to recover mesne profits.   The jury was
so instructed in this case.   There was no conflict in the tes-

timony.   The witness W. F. Lee testified that "a fair rental
value of the premises since suit was brought would be about
nine dollars per month.   I will say one hundred dollars per
year.   The yearly rental of a vacant lot like lot number
thirty would be three or four dollars per month."   The
jury in giving no damages failed to comply with the in-
structions of the court, as well as to conform to the uncon-
tradicted testimony in the cause.   The respondents insist
that the jury did not give damages, because the value of
the improvements was considered equal to the rents.   If
the defendants were entitled to the value of the improve-
ments under the statutes of this State, (the statute for the
relief of occupying claimants, Chap. 233, Laws,) the method
prescribed by the act for ascertaining the value of the im-
provements must be followed.   Before this is thus ascer-
tained, the defendant cannot be said to have any right
which he can set off or recoup.   As this case goes again to
a jury, we do not comment on the other questions.   They
relate principally to conclusions of fact, and only involve
the consideration of some rules of evidence, which can be
best administered without embarassment from this court in
the trial to be had.

Judgment reversed and new trial awarded.