RODMAN *et al.* v. DAVIS *et al.*

No. 2147.    Opinion Filed October 15, 1912.

(127 Pac. 411.)

1. **EJECTMENT—Joinder of Causes—Recovery of Real Property and Damages.** A party, under our statute (Comp. Laws 1909, sec. 5623), may unite in the same suit a cause of action for the recovery of real property and a cause of action for the value of the rents and profits of such real property.

2. **USE AND OCCUPATION—Ground of Relief.** An occupant of land, without special contract, is liable for the rents to any person entitled thereto.

3. **EJECTMENT—Joinder of Causes—Recovery of Real Property and Damages.** In an action of ejectment, the plaintiff may also sue for the rent due, and will also be entitled to foreclose his statutory landlord's lien by the attachment proceedings provided by section 4101, Comp. Laws 1909.

(Syllabus by Robertson, C.)

*Error from District Court, Seminole County;*
*Robert M. Rainey, Judge.*

Action in ejectment and for rent, with attachment proceedings, by C. M. Rodman and Sam Horton against Bob Davis and Harriett Davis. Judgment for defendants on motion to dissolve attachment, and plaintiffs bring error. Reversed and remanded.

On September 30, 1910, plaintiffs in error filed in the district court of Seminole county their petition alleging that they were the owners in fee simple, and entitled to the immediate possession of certain described real estate, the rental value of which. was $300 per year, and that defendants in error had unlawfully

withheld possession thereof from plaintiffs for two years, and prayed judgment against defendants in error for the recovery of the possession of the land and for $100 damages for the wrongful detention, and also for rent in the sum of $600. On the same day they filed an attachment bond and affidavit, and caused a writ of attachment to be levied upon the growing corn and cotton on said land. ·On October 13, 1910, defendants filed their motion to dissolve the attachment, which, coming on to be heard, was, by the court, sustained, and this appeal is by plaintiffs to review the ' order of the district court dissolving said attachment.

*Crump & Fowler,* for plaintiffs in error.

*J. A. Baker,* for defendants in error.

Opinion by ROBERTSON, C. (after stating the facts as above). It will be observed that plaintiffs not only seek a recovery of the possession of the land, but they also seek to recover the rental value of the same for two years. Under the common law, in the original action of ejectment, actual damages were awarded plaintiff in case a recovery of possession was had, but later, when the action was adopted as an easy and common method of trying title to real property and the proceedings became fictitious and the parties nominal only, the practice arose to allow only nominal damages, necessitating the bringing of another action for the substantial relief to which plaintiff would be entitled. Thus the action for mesne profits came into being, by which plaintiff complained of his ejectment and loss of possession and stated the time during which defendant withheld possession, and the ·amount of rents and profits thereby lost, and prayed judgment for the damages thereby sustained.

As is said in 10 Am. & Eng. Ency. of Law (2d Ed.) p. 536:

"The reason for this division of remedies seems to have been purely a matter of convenience, for it is obvious that when both questions were tried in the same action, and the judgment was for the defendant, the time consumed ·upon the question of damages had been so much time wasted. Moreover, it was found that examination into the question had a tendency to distract the attention of the jury from the more important question at issue, and so it was suggested by the court, and acquiesced in by the .

profession, that the action might be divided so as to let the question of title alone be passed on in the ejectment with nominal damages 'for conformity' and leave the amount of actual damages to be ascertained in a subsequent action."

This mode of requiring the plaintiff to bring two separate actions for the relief he might be entitled to has been criticized by many American courts, many of which refuse to follow such rule, because it imposes improper and unnecessary burdens on the plaintiff, and many states have held, in order to avoid two suits between the same parties, involving the consideration of practically the same subject-matter, that the plaintiff might unite, if he so chose, his two causes of action, and sue for mesne profits in the ejectment suit. The reason for thus permitting both questions to be adjudicated in one action is to prevent unnecessary expense and the disadvantages of circuity and delay. This later practice is now also permitted and authorized by statute in many of the states, and with us it is optional with the plaintiff whether he sue for mesne profits in his ejectment action or whether he sue to recover them in a subsequent proceeding.

In 15 Cyc. 201, it is also said:

"Nevertheless in a number of American states it has been held without statutory authorization that mesne profits and damage for waste are recoverable in an action of ejectment; and in many other jurisdictions either because of statutes expressly authorizing it, or because of the more liberal practice authorized by the codes of procedure, plaintiff may unite in one action a cause of action to recover possession of land and a claim for rent or mesne profits and damages."

See, also, *Jacks v. Dyer,* 31 Ark. 334; *Sullivan v. Davis,* 4 Cal. 291; *Duncan v. Jackson,* 16 Fla. 338; *Bottorff v. Wise,* 53 Ind. 32; *Dunn v. Starkweather,* 6 Iowa, 466; *Gatton v. Tolley,* 22 Kan. 678; *Hecht v. Colquhoun,* 57 Md. 563; *Lord v. Dearing,* 24 Minn. 110; *Armstrong v. Hinds,* 8 Minn. 254 (Gil. 221); *Emrich v. Ireland,* 55 Miss. 390; *Garner v. Jones,* 34 Miss. 505; *Sieferer v. St. Louis,* 141 Mo. 586, 43 S. W. 163; *Harrall v. Gray,* 12 Neb. 543, 4 N. W. 851; *Lippett v. Kelley,* 46 Vt. 516; *Ashland M. E. Church v. Northern Pac. Ry.,* 78 Wis. 131, 47 N. W. 190.

This practice is warranted and authorized in Oklahoma by our Code (section 5623, Comp. Laws 1909), and hence there can be no valid objection urged against the proceedings in the case at bar on account of the fact that plaintiffs have united their two causes of action in one suit. This question has been passed upon squarely by the Supreme Court of Kansas in construing a statute identical with ours. Thus in *Scarborough v. Smith,* 18· Kan. 399, it is said:

"The following causes of action may be united in the same action, to wit, a cause of action for the recovery of real property, a cause of action for the value of the rents and profits of such real property, and a cause of action for the partition of such real property."

See, also, *Black v. Drake,* 28 Kan. 484; *Scantlin v. Allison,* 32 Kan. 379, 4 Pac. 618; *Auld v. Smith,* 23 Kan. 66.

Defendants in error contend, however, that the petition in this case does not show the relation of landlord and tenant existing between the parties; that, in fact, no contractual relations existed between them, but, on the contrary, the relation, by the allegations of the petition, is shown to be tortious; and that, therefore, there could be no recovery for rent, and consequently the attachment proceedings must fail. This, even though true, would not necessarily produce such a result as contended for by counsel for defendants in error. To start with, there is no allegation in the petition showing how defendants in error came into possession of the premises. The only allegation of the petition with reference to that subject is contained in the following paragraph, to wit:

"Plaintiffs state that they are the joint owners of and have the lawful estate in fee simple, and the full equitable estate in and to the following described lands situated in Seminole county, Okla. [describing same], and are lawfully entitled to the immediate possession of the same; that said above-named defendants are now unlawfully in possession of said lands, and jointly keep plaintiffs out of the possession of the same."

We are unable from the record to say that the relation of landlord and tenant does not exist between the parties. On the contrary, the allegation in the petition, "that the reasonable rental value of said lands is $300 per annum, and said defendants have

unlawfully kept said plaintiffs out of the possession of the same for two years, to said plaintiffs' damage in the sum of $600," together with the allegation in the attachment affidavit that "said defendants are liable to pay to said plaintiffs, and there is now due from said defendants to said plaintiffs, the sum of $600 for rent of the following described lands [describing them], which said rents are now due, and that said defendants are intending to remove, are now removing, and have within the past 30 days removed, a part of the crops from said lands, without making payment of the rents due thereon," is sufficiently definite and comprehensive to warrant us in saying that the relation of landlord and tenant is shown to exist by the pleadings. However, the allegations of the petition are sufficient to permit the introduction of testimony to prove that defendants' possession was such as to make them chargeable with the rent, as section 4094, Comp. Laws 1909, provides that: "The occupant, without special contract, of any lands, shall be liable for the rents to any person entitled thereto." The allegations at any rate are sufficient to charge an implied contract to pay rent, and the objections urged by counsel for defendants are therefore untenable.

This brings us to the consideration of the other question in the case, viz: Did the court err in sustaining defendants' motion to dissolve the attachment? The motion, omitting the caption, is in words as follows:

"Now come the defendants in the above-stated case, and show to the court that the property of these defendants has been levied upon by the sheriff of said county, and that he is now in charge of the same having the property now in his custody. These defendants Bob Davis and Harriett Davis move the court to discharge the attachment and quash the writ upon the following grounds and for the following reasons, to wit: (1) Because it appears from the affidavit and petition in said cause that the action is one in ejectment or complaint for land, and not an action on a debt or to foreclose a landlord's lien for rent. (2) Because the petition and affidavit and petition fails to show that the defendants are the tenants of the plaintiff. (3) Because the petition and affidavits fail to show the relation of landlord and tenants exists between these defendants and the said plaintiffs. (4) Because the petition and affidavit fails to show that the action

is based upon a money demand, but show to the contrary that it, the action, is in ejectment, and the claim is for use and occupation and recovery conditioned upon the right to recover in the ejectment action, and not a money demand against these defendants, and is not predicated upon a contract. (5) Because there is no bond signed by sureties as the law directs shall be given before the writ of attachment shall issue. Wherefore the defendants ask the court to discharge the attachment and quash the writ and grant to these defendants such other relief as the facts may demand."

Section 4101, Comp. Laws 1909, reads as follows:

"When any person who shall be liable to pay rent (whether the same be due or not, if it be due within one year thereafter; and whether the same be payable in money or other things), intends to remove, or is removing, or has, within thirty days, removed his property, or his crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action in the court having jurisdiction; and upon making an affidavit, stating the amount of rent for which such person is liable, and one or more of the above facts, and executing an undertaking as in other cases, an attachment shall issue in the same manner and with the like effect as is provided by law in other actions."

A careful examination of the allegations of the petition and affidavit under the light of this statute impels us to say that there is a substantial compliance with its every requirement. The allegations of the petition and attachment affidavit are sufficient at least to charge an implied obligation on the part of the defendants to pay rent for the use of said land, and that the rent was due the plaintiffs; that defendants had removed, were about to remove, and were intending to remove, a portion of the crop grown on said land, and thus defeat the landlord's lien created by statute. Whether or not these facts are true remains to be seen, but for the purpose of this motion they are taken as true. The lien given a landlord and the right to foreclose the same are statutory. As was said in *Turner v. Wilcox*, 32 Okla. 56, 121 Pac. 658:

"Under section 4101, Comp. Laws 1909, a landlord is entitled to an attachment on the crops grown by his tenant whether the rent be payable in money or other things, in case the tenant has within 30 days removed, or is removing, or intends to re-

move, his property, or crops, or any part thereof, from the leased premises, and neither the intent of the tenant in removing, nor the distance, nor the place to which the crops or portion thereof or other property is removed, is material. It is the removal, or the intent to remove, which is the justification for the attachment."

The motion to dissolve is based solely on the ground that the relation of landlord and tenant did not exist, and that an action for rent or mesne profits could not be combined with one in ejectment. That contention, as has been seen, cannot be sustained.

The judgment of the district court of Seminole county should be reversed, with instructions to reinstate the attachment, and for other proceedings not inconsistent with the views herein expressed.

By the Court: It is so ordered.