## WININGS *v.* WOOD.

LANDLORD AND TENANT.—*Occupant Without Contract.*—*Suit by Owner for Rent.*—Where one occupies land, to which he claims title, but of which he is not the owner, without special contract, or, not being himself in actual possession, leases such land without the consent of the owner and receives rent therefor, the owner may recover the rent from such occupant or lessor, and may maintain an action therefor after having, in another action, obtained judgment quieting his title as against such occupant or lessor.

From the Henry Circuit Court.

*W. Grose* and *A. M. Grose,* for appellant.

*R. L. Polk* and *Brown & Brown,* for appellee.

DOWNEY, C. J.—Action by the appellee against the appellant. The facts in the complaint are the following: That in September, 1871, Micajah C. Fortner and Samuel Winings were the equal owners as tenants in common of certain real estate, which is particularly described in the complaint; that said Fortner then conveyed to the plaintiff, by warranty deed, his undivided half of said real estate; that on the 4th day of March, 1872, the defendant, without the consent of the plaintiff, took possession of the whole of said real estate, claiming to be the owner thereof by virtue of a sheriff's deed, and continued to occupy and use the same, by himself and tenants, from that day until September 5th, 1874, and received during that time in money from said tenants the sum of two hundred and forty-eight dollars as rent for said premises, and has a claim against said tenants on account of such renting, for sixty-two dollars additional; that at the April term, 1874, of the said Henry Circuit Court, this plaintiff brought suit against said Samuel Winings and the defendant, averring in his complaint that he was the owner in fee simple of the undivided one-half of said premises, and said Winings was owner of the other half, and that the defendant, Joseph Winings, claimed to be the owner of said premises, though, in fact, he had no title thereto, and that his claim was a cloud upon the plain-

tiff's title, and praying that said plaintiff's title thereto be quieted, and that partition of said premises be made, and said plaintiff's one-half thereof set off to him, and in the event that that could not be done, that said premises be sold and the one-half of the proceeds be paid to him; that said defendant appeared to said action and filed his answer to said complaint, claiming therein to be the sole and exclusive owner of said premises, and made his said sheriff's deed, under which he claimed title, a part of his said answer; that said cause was submitted to said court, and the judgment of the court was, that this plaintiff was the owner of the undivided one-half of said premises, and said Samuel Winings of the other one-half, and that said Joseph Winings was not the owner of any part thereof, and had no title or claim thereto, and that plaintiff's title be quieted and set at rest, and that said Joseph Winings be forever enjoined from setting up title or claim to said premises; and the court found that said premises could not be divided, and on motion ordered that the same be sold, and for that purpose appointed a commissioner to make sale of said premises and divide the proceeds; and said commissioner duly sold said premises at public sale, on, etc. A complete transcript of said pleadings and judgment is filed herewith and made part of this complaint. It is further alleged that the use of said premises from March 4th, 1872, to September 5th, 1874, was and is of the value of three hundred and ten dollars; and that said sheriff's deed is the only title or pretence of title of said defendant to said premises; and that it was under and by virtue of the same that he occupied and claimed said premises and the rents and profits thereof; that the defendant, during said time that he occupied and used and rented said premises, did so claiming to be the sole owner thereof, and entitled thereto, and all the time denied plaintiff's right thereto, and received said rents, claiming them as his own, and converted them to his own use. Prayer for judgment for one hundred and eighty dollars.

The defendant demurred to the complaint on the ground

that it did not state facts sufficient to constitute a cause of action, and the demurrer was overruled.

The defendant then answered, stating, in substance, that he admits the ownership of said real estate, in the complaint described, by said Fortner and Samuel Winings, as therein alleged, and the conveyance by said Fortner to the plaintiff by quitclaim deed; that on the 4th day of March, 1872, the defendant received the sheriff's deed for said real estate, as shown by the deed filed herewith and made part of this answer, and by means thereof claimed title to and ownership of said real estate, and at the time of receiving the deed rented said real estate to Granville Fortner for one year, and received therefor one hundred and twenty-five dollars; and again, on the 26th day of April, 1873, he rented said premises, still claiming title thereto and ownership thereof, to John Foster, for one year, and at the end of the year received therefor one hundred and twenty-four dollars, making in all two hundred and forty-eight dollars; of all of which renting and use by said tenants, and the reception of the rents as aforesaid by the defendant, he, said plaintiff, then and there had full notice and knowledge. He denies that Micajah C. Fortner conveyed said real estate in fee and by a warranty deed to the plaintiff, but admits a release by quit-claim deed to one-half of said real estate. He denies any use and occupation, or receiving or claiming any rent for said premises, other than as above stated, and states that at the said time, when, etc., he, said defendant, claimed title to said premises and had no notice that said plaintiff claimed the rents, or for the use of said premises, as stated in the complaint. He also denies that any relation of landlord and tenant ever existed between said plaintiff and defendant in relation to said premises, or the use and occupation thereof, or that he received said rents for the use of the plaintiff; wherefore, etc.

A demurrer was filed to the answer by the plaintiff, on the ground that the same did not state facts sufficient to constitute a defence to the action, and the demurrer was sustained.

The defendant failing to answer further, there was an assessment of the damages by the court, and final judgment for the plaintiff.

The errors assigned are the overruling the demurrer to the complaint and sustaining the demurrer to the answer.

It is urged by counsel for the appellant, that the complaint is bad for the reason that there was no sufficient judgment rendered on the finding of the court in the action for partition and to quiet title, to enable the plaintiff in this action to recover for the mesne profits or for use and occupa. tion of the premises. It was not sought by the plaintiff to recover for the mesne profits or for use and occupation in the former action. He there sought to have partition as between himself and his co-tenant, and to have his title quieted as against the defendant. He now seeks to recover for the mesne profits or for use and occupation. We see no reason why he may not do so upon the facts stated. We need not decide whether the action is to be regarded as for mesne. profits or for use and occupation.

We think there is no defence disclosed in the answer. It does not controvert the fact that the plaintiff was found to be the owner of the real estate, and his title quieted, nor that the defendant was in possession of the premises by his tenants and received the rents and profits. It was not essential that the defendant should have been in possession of the property himself. It was not necessary that the deed from Micajah C. Fortner to the plaintiff should have been a warranty deed. It was sufficient that the title was conveyed, though it was by a deed of release and quitclaim. Nor do we think the relation of landlord and tenant need to have existed between the plaintiff and the defendant, to entitle the plaintiff to recover. It is expressly enacted that "the occupant without special contract, of any lands, shall be liable for the rent, to any person entitled thereto." 2 G. & H. 360, sec. 14.

The judgment is affirmed, with five per cent. damages and costs.