## MERCY M. SANFORD *vs.* HENRY T. JOHNSON.

### December 30, 1879.

**Action for Use and Occupation—Measure of Recovery.**—In an action for simple use and occupation of real property, in which the plaintiff seeks to recover, not rent, properly so called, under some agreement of lease, or reservation thereof by express contract of the parties, but the reasonable value of the alleged use and occupation, the defendant can be held liable only for the value of such use and occupation of the premises as he is shown to have actually enjoyed.

Appeal by plaintiff from a judgment of the municipal court of St. Paul, where the action was tried by a jury, and plaintiff had a verdict for "$21.07, being for one month's rent of the house." At the trial the plaintiff excepted to the refusal of the court to direct a verdict in his favor for the amount demanded in the complaint, and to the following instruction given to the jury: "When the rent is payable monthly, the presumption is that the tenancy is from month to month, and that a written notice of determining such a tenancy is not necessary."

*David Sanford,* for appellant.

*Williams & Davidson,* for respondent.

BERRY, J. The complaint in this case is that on September 30, 1875, with plaintiff's consent and permission, the defendant entered into the possession, use and occupation, as plaintiff's tenant, of the dwelling-house and appurtenances known as "18 Spruce street," then, ever since, and now, the separate estate of said plaintiff, situated, etc.; that said defendant continued in the possession of said premises, with the consent and permission of plaintiff, as her tenant, from the date aforesaid to the first day of May, 1877, and paid rent therefor to the first day of October, 1876, at the rate of twenty-one dollars per month, but has not paid the rent for the period between the thirtieth day of September, 1876, and the first day of May, 1877, "worth and of the value of the sum of $147," which sum is now due the plaintiff, and has been duly demanded, etc.

The answer denies that defendant continued in possession of the plaintiff's said premises until May 1, 1877, and alleges that he continued in possession thereof until October 16, 1876, and no longer. Some other issues were raised by the pleadings, but, upon the case presented by the evidence, this was the only important issue.

It will be observed that the action is not founded upon any agreement of lease, and does not seek to recover rent reserved by any express contract of the parties, and there was no evi-

dence of any such agreement, or of any express reservation of rent. The action is, then, to be taken as an action for simple use and occupation, in which the plaintiff seeks to recover, not rent, properly so called, but the reasonable value of the alleged use and occupation. In such an action the defendant can be held liable only for the value of such use and occupation of the premises as he is shown to have actually enjoyed. Taylor's Land. & Ten. §§ 635, 641. From this view of the nature of the action, and of the material issue in the case, it follows that there was nothing in the charge of the trial court, or in its refusal to charge, by which the plaintiff was prejudiced. There was evidence to support the verdict.

Judgment affirmed.