Pecha v. Kastl.

JACOB PECHA ET AL. V. JACOB KASTL.

FILED APRIL 2, 1902. No. 11,209.

Commissioner's opinion, Department No. 1.

1. Pleading: DENIAL: JUDGMENT. Denial of "each and every allegation of new matter set up in defendant's answer," and of "each and every other part of same, except such allegations of said answer as may be admissions .of plaintiff's petition," while subject to motion to strike or to make more specific, being neither a general or specific denial, is sufficient to prevent a judgment for defendant on the allegations of the answer.

2. Evidence: CONVERSION. Evidence examined, and *held* sufficient to support a finding for plaintiff in action against a joint-owner and the purchaser of a horse-power for conversion of it by a sale.

3. Instruction: CONVERSION: RIGHT OF POSSESSION. Not prejudicial error to leave out the element of plaintiff's right of possession, in defining "conversion," where that question, so far as the case on trial is concerned, is fairly submitted in another instruction.

4. ――――: ――――: ――――. An instruction that, if conversion was found, both seller and purchaser of the property were liable, *held* not error, when the circumstances which would and would not make the sale a conversion had been fairly indicated.

ERROR from the district court for Butler county. Tried below before BATES, J. *Affirmed.*

· *Hastings & Hall,* for plaintiffs in error.

*Matt Miller, contra.*

HASTINGS, C.

In this case the first complaint is of error in not sustaining a motion for judgment in favor of defendants on the

pleadings. The ground for such motion was the fact that the reply of plaintiff merely denied "each and every allegation of new matter set up in defendants' answer," and "each and every other part of same except such allegations of said answer as may be admissions of plaintiff's petition." Plaintiff's petition was for conversion of a horse-power. Plaintiff below, defendant in error here, alleges that on January 28, 1899, he was the owner of a horse-power jointly with plaintiff in error Pecha, and that the defendants Pecha and Ptacek converted it to their own use, and refused to restore it, to plaintiff's damage in the sum of $40; that, in shelling his corn, plaintiff had been compelled to pay $7 for the use of a sheller. Defendants deny these allegations, but admit that, some time before the date mentioned, plaintiff and Pecha owned a sheller and horse-power, and say that about January 28, 1899, a division of the property was agreed on, and Pecha was to have the horse-power, and plaintiff the sheller, and since that time plaintiff had no interest in the power. To this answer the reply above stated was filed. It does not seem necessary to say that the trial court was not in error in refusing to render judgment for defendants on the pleadings. The reply does not comply strictly with our statute. It is hardly a general or special denial, but it was not a nullity. It should have been required, on motion for that purpose, to have been made more specific or to have been stricken out, but while it remained in the record it was sufficient to prevent a judgment for defendants. *Herdman v. Marshall,* 17 Nebr., 252; *Miller v. Brumbaugh,* 7 Kan., 343; *Collins v. Trotter,* 81 Mo., 275.

It is claimed that the evidence is insufficient to sustain the verdict for plaintiff in the sum of $10. The evidence is somewhat conflicting as to plaintiff's assent to the taking and appropriation of the power, but the preponderance seems clearly in favor of the jury's view that there was no settlement, nor agreement to divide the property, and that the power was taken by defendant Pecha and sold without the assent of his co-owner.

The giving of instructions Nos. 4, 7 and 9 is assigned as error. The first of these is, "The burden of proof is upon the defendant Pecha to prove the material allegations of his answer by a preponderance of the evidence." It is complained that no indication as to what were the material allegations of the answer was given to the jury. It is conceded that no instructions covering this point were asked. The abstract correctness of the instruction given is not disputed. If a more definite instruction was desired, it should have been asked. It does not appear that the jury was misled in this matter. Instruction No. 7 told the jury that the wrongful taking of the property, and appropriating the same to the party's own use, constituted conversion. It is complained that this took from the jury the issue as to the division of the property by agreement, and that it permitted a recovery by plaintiff on the weakness of defendants' title, and not simply on the strength of his own. The instructions must be taken together, and by the eighth instruction the jury were expressly told that consent by plaintiff to the taking and sale of property by Pecha would defeat his action, and also that an agreement for a division would have the same effect. The failure to call attention in the seventh instruction to the necessity that plaintiff have at least an immediate right of possession in the property seems to be amply cured in this eighth one.

The court having defined "conversion" as a wrongful taking, and having stated what circumstances would and would not make the admitted action of defendant in selling the property wrongful, it was not error to tell the jury, by the ninth instruction, that, if they found that defendant Pecha had converted the property and sold it to his codefendant, both were liable.

It is recommended that the judgment of the district court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated above, the judgment of the district court is

AFFIRMED.