O. W. SPARKS *et al.* v. C. A. McALLISTER.

No. 16,102.

SYLLABUS BY THE COURT.

PLEADINGS—*Motion for Judgment.* Upon an examination of the pleadings in this action it is held that a motion of the plaintiff for judgment thereon in his favor was erroneously sustained.

. Error from Cherokee district court; CORB A. Mc-NEILL, judge. Opinion filed July 3, 1909. Reversed.

*Edward E. Sapp,* and *A. L. Majors,* for the plaintiffs in error.

*William F. Sapp,* and *Andrew S. Wilson,* for the defendant in error.

The opinion of the court was delivered by

BENSON, J.: The question to be decided is whether a judgment rendered in favor of the plaintiff on the pleadings was erroneous. The plaintiff, C. A. McAllister, sued O. W. Sparks and others to recover an amount claimed to be due upon a written contract for cleaning, and crushing zinc ore. From a copy of the contract attached to the petition it appears that the plaintiff agreed to sell to the defendants his crushing plant and leases for $10,200, but was to have the care and custody of the mill for one hundred days, during which time he was to crush and clean ore furnished by the defendants from their own adjoining premises for $1 per ton, to be paid when the ore was sold. It was stipulated that the net profits of conducting the mill for that time should be applied on the consideration named; that $200 should be paid after applying these profits, and $500 every thirty days thereafter until the whole amount was fully paid. It was provided that if payments were not made within ten days after maturity, as agreed, or the defendants otherwise failed to perform, the contract, the plaintiff might "retain whatever sum may have been paid him, and withdraw

said papers from escrow, in full satisfaction of said contract." Another provision was:

"That said party of the first part is to execute such bills of sale, assignment and transfer of lease and make a full and complete evidence of transfer of said property, which is to be placed in escrow, together [with] this contract, in the Bank of Joplin, at Joplin, Mo."

Other stipulations provided that the property should be free from encumbrances at the time of delivery of possession, and that after the expiration of the one hundred days, and when the parties of the second part should take possession of the mill, they should keep it in good repair.

The petition averred the performance of all conditions of the contract on the part of the plaintiff, and stated that the plaintiff had milled 2088 tons of ore, which had been sold, and that the defendants had paid $1304.20 for such milling, leaving a balance due of $783.80, for which judgment was asked.

The answer, after a general denial, admitted the contract, the milling of ore thereunder, and that the amount had been paid, as alleged, and pleaded the performance of all conditions on the part of the defendants. It also alleged that the plaintiff did not own the property at the time he entered into the agreement to sell it, and that "the said defendants, after the contract was entered into, demanded of said plaintiff that he place in escrow [a] bill of sale, assignment and transfer of lease and evidence of transfer of said property as agreed in said contract, which the plaintiff failed, neglected and refused to do." The answer further alleged that the cost of operating the mill while engaged in crushing ore for the defendants was $575; that defendants had paid $1304.20 for such work, and prayed for the recovery of $729.20, the excess so claimed.

The theory of the plaintiff is that the defendants forfeited their right to a conveyance of the mill and abandoned their claim thereto by failing to pay the balance

due for milling the ore. The defendants pleaded that they would have made this payment if the plaintiff had deposited the title papers in escrow, as agreed. It appears that each party charges the first default upon the other, and neither party now asks to have the agreement for the transfer of the property specifically enforced.

The motion for judgment upon the pleadings should have been denied. The agreement to pay a certain price per ton for milling the ore and the agreement to sell the property were but related parts of an entire contract. The court can not say that one agreement would have been made without the other.

The contention of the plaintiff that he was not required to place the bill of sale and evidence of title in escrow until the expiration of the one hundred days can not be sustained. The agreement to deposit these papers with the contract fairly implies that it was to be done contemporaneously with the delivery of that instrument, or at least within a reasonable time thereafter. The plaintiff was therefore in default before the defendants failed to make the payment which this action was brought to enforce. The petition did not allege a waiver of this condition or excuse for its nonperformance.

The defendants' counter-claim might be considered analogous to a claim to recover money paid or property delivered upon a contract broken by an adverse party, and rescinded for such breach upon the election of the claimant. (*Wright v. Dickinson,* 67 Mich. 580; *Vallentyne v. Immigration Land Co.,* 95 Minn. 195.) It is really a claim for damages (although that term is not used), limited by the prayer to the amount of net profits in operating the mill, included in the payments that have been made. Such profits would have inured to the benefit of the defendants if the agreement had been performed, and the plaintiff can not base a right thereto on his own default. The amount

of such damages, however, if any, to be recouped or recovered under the pleading and proof, if the issue should be determined in favor of the defendants, is not material to the question here presented, and precise rules for the determination of such damages need not be stated. It is sufficient to say that there was an issue of fact to be determined before any judgment could properly be rendered for either party.

The defendants insist that their allegation that the plaintiff had no title when the contract was made was also a good defense. This contention can not be sustained. The plaintiff was only bound under this contract to have a good title at the time of delivery of possession.

The judgment is reversed, and the cause remanded for further proceedings.