EARL v. TYLER, *et al.*

No. 2247.   Opinion Filed November 19, 1912.

(128 Pac. 269.)

1.  **USE AND OCCUPATION**—Pleading. In an action brought by the owner of real estate, entitled to the possession thereof, against the occupant, to recover for the use and occupation of the lands occupied, it is not necessary to allege in the bill of particulars either that the relation of landlord and tenant existed between the parties, or that there was an express or implied agreement to pay rent.

2.  **SAME.** In an action brought before a justice of the peace to recover judgment for the reasonable rental value of lands owned by plaintiff and occupied and cultivated by defendant, and where the bill of particulars charges said facts, it is error either to sustain a motion to quash an attachment issued thereon, or for judgment on the pleadings, on account of the bill of particulars not charging that the relation of landlord and tenant existed between the parties, or that there was an express or implied agreement to pay rent; the statute in such cases, independent of the action of the parties, creating the liability.

3.  **PLEADING**—Motions—Judgment on the Pleadings. A bill of particulars in a justice of the peace court should be liberally construed, and a motion for judgment on the pleadings overruled, where there is any reasonable doubt of its insufficiency.

(Syllabus by Sharp, C.)

*Error from Love County Court;*
*R. A. Kellar, Judge.*

Action by R. D. Earl against Charles Tyler and another.
Judgment for defendants, and plaintiff brings error. Reversed
and remanded.

*H. A. Ledbetter,* for plaintiff in error.

*Eddleman & Graham,* for defendants in error.

Opinion by SHARP, C. This case was one originating in
a justice of the peace court of Love county, Okla., where judg-
ment was rendered in favor of defendants. Upon appeal to
the county court, judgment was again rendered in their favor.
The action was one to enforce a landlord's lien on growing
crops. The bill of particulars and affidavit alleged, in substance,
that plaintiff was the owner of eighty acres of land near Mari-
etta (describing it) ; that the same had been occupied and culti-
vated by defendants during the year 1909; that a reasonable
rental value thereof was $2 per acre, or a total of $160, which
amount was due the plaintiff for the use and occupation thereof ;
that defendants had grown a crop of cotton and corn upon the
land occupied by them, upon which plaintiff had a lien for his
rent; that defendants had sold and removed a portion of the
crop on said premises, and were about to, or intended to, remove
the same from the premises without plaintiff's consent, and with-
out the payment of rent, all of which occurred within thirty
days; and that the rent became due and payable when the crops
matured and within one year from date suit was brought. The
combined bill of particulars and affidavit was duly verified. The
pleadings on the part of the defendants consisted of a verified
motion to discharge the attachment, in which it was alleged that
defendant was not a tenant of plaintiff, and that there was no
contract, either express or implied, existing between plaintiff
and defendant for the use and occupancy of the lands in ques-
tion, and that defendants were not occupying the lands with plain-
tiff's consent, but instead was holding them in adverse posses

sion, and that plaintiff was not the owner of the lands and not entitled to collect rent therefrom.    Afterwards defendants filed their motion for a judgment on the pleadings.    The trial court sustained both motions, quashed the attachment theretofore levied, and rendered judgment for the defendants.

It is urged by defendants in error that the bill of particulars having failed to allege that the relation of landlord and tenant existed between plaintiff and defendants, or that there was an express or implied agreement to pay rent, the court was correct in discharging the attachment.    The same question in effect was raised by defendants' motion for judgment on the pleadings, and the law applicable to one is alike applicable to both motions, so that the judgment of the court in sustaining said motions is made to depend upon whether or not the bill of particulars stated a cause of action.    Section 4094, Comp. Laws 1909, makes the occupant, without special contract, of any lands, liable for the rent to any person entitled thereto; section 4098 creates a lien on the crop growing or made on the premises, for any rent due for farm land, and provides for the enforcement by action and attachment of said lien; while section 4101 provides that any person who shall be liable to pay rent, and who intends to remove, is removing, or has within thirty days removed, his property or his crops, or any part thereof, from the leased premises, shall be subject to an action in favor of the person to whom the rent is owing, who may commence an action and obtain a judgment upon compliance with the provisions of the statute.    By section 4094, *supra,* it is obvious that the Legislature intended to create a liability upon the occupant for the payment of rent to the person entitled thereto, without regard to the fact that any special contract for the payment of rent existed.    It was sufficiently shown by the plaintiff's bill of particulars and affidavit that he was the owner of the lands in question; that defendant was the occupant of said lands and had produced thereon during the year 1909 a crop of corn and cotton, upon which plaintiff had a lien; that he had sold and disposed of, etc., a portion of the crop without payment of rent, and without plaintiff's consent.

It was unnecessary to allege that the relation of landlord and tenant existed, or that a contract for the payment of rents, express or implied, existed between the parties. As has been noted, section 4094 fixes the liability; section 4098 creates the lien and makes provision for its enforcement; while sections 4101 and 4102 furnish the procedure for the enforcement of the lien for rents or liability fixed by the statute. It will be observed that the right to maintain an action referred to in section 4101 is not confined to "landlords," but to "any person to whom rent is owing." Practically the same language is found in section 4094. Nor does said section use the word "tenant," but instead "any person who shall be liable to pay rent," thus clearly referring to the occupant, made liable for the rent by section 4094. While section 4101 uses the words "the leased premises," it is obvious from a reading of the entire section that the word "leased" is descriptive only of the premises from which the crops have been or are being removed; and a careful reading of the statute convinces us that it was not intended to confine its provisions to those cases where the relationship of landlord and tenant existed. It would have been much easier to have used the words "landlord and tenant" than the more comprehensive terms "any person to whom rent is owing," and it is not our province, by a forced construction, to limit the classes to which, manifestly it was intended, the statute should apply.

We are of the opinion that the Legislature intended to furnish a remedy, not alone to the landlords, within the usual legal meaning of the word, but to those entitled by reason of their title to remuneration for the use and occupation of lands occupied by another, and it was so held by this court in *Rodman et al. v. Davis et al.*, 34 Okla. 766, 127 Pac. 411, in which it was said that an occupant of lands, without special contract, is liable for the rent to any person entitled thereto. The action is founded upon the statute mentioned, and the passage of which was doubtless for the purpose, not only of creating a right, but of furnishing a lien in that class of cases where one party occupies lands of another without special contract for the payment of rent. Section 4094, *supra,* is the same as section 3864, Gen. Stats. of

Kansas 1901, and our conclusion finds support in *Story v. Mc-Cormick,* 70 Kan. 323, 78 Pac. 819. It was there contended by the administrator that the relation of landlord and tenant did not exist, either by virtue of any understanding of the parties, or of any obligation imposed by law. The plaintiff, on the other hand, rested her claim upon a quasi contract, or contract implied in law, as distinguished from a contract implied in fact, and insisted that the law imposed the obligation to pay rent irrespective of the intention of the intestate. From a verdict for the plaintiff an appeal was prosecuted, and the case was reversed upon the ground that plaintiff's recovery should have been limited to compensation for the use of the property within three years prior to the commencement of the action. It was said in the syllabus:

"In an action for the rent of property based wholly upon the quasi contract arising by operation of law from the defendant's occupancy of plaintiff's property, without any express contract or any contract implied in fact, no recovery can be had based upon such occupancy for any time more than three years prior to the commencement of the action."

The Kansas statute quoted was one borrowed by that state from Indiana, where it seems that the same rule of decision obtains. Burns' Ann. Stats. Indiana 1908, sec. 8068. Referring to this statute, it was held in *Winings v. Wood,* 53 Ind. 187, that the answer disclosed no defense; that it did not controvert the fact that the plaintiff was the owner of the real estate; that defendant was in possession of the premises by his tenants and received the rents and profits; that it was not essential that defendant should have been in possession of the property himself, nor that the relation of landlord and tenant need have existed between plaintiff and defendant, to entitle plaintiff to recover. Having thus concluded, it was error for the court to sustain the motion to quash the attachment, and the motion for judgment on the pleadings.

The case was one originating before a justice of the peace. The bill of particulars should be liberally construed, and a motion for judgment in such cases denied, where there is any reasonable doubt of its insufficiency. *Cobb v. Wm. Kenefick Co.,*

23 Okla. 440, 100 Pac. 545; *Sullivan v. Williamson et al.,* 21 Okla. 844, 98 Pac. 1001; *Hawkins v. Overstreet,* 7 Okla. 277, 54 Pac. 472; *Noland v. Owens,* 13 Okla. 408, 74 Pac. 954; *Stauffer v. Campbell,* 30 Okla. 76, 118 Pac. 391; *Summerville v. Stockton Milling Co.,* 142 Cal. 529, 76 Pac. 243; *Casci v. Ozalli et al.,* 158 Cal. 282, 110 Pac. 932; *Jensen v. Dorr,* 159 Cal. 742, 116 Pac. 553; *St. Mary's Hospital v. Perry,* 152 Cal. 338, 92 Pac. 864; *McCready v. Dennis et al.,* 73 Kan. 778, 85 Pac. 531; *Sparks et al. v. McAllister,* 80 Kan. 546, 103 Pac. 127; *Cobe v. Coughlin Hardware Co.,* 83 Kan. 522, 112 Pac. 115, 31 L. R. A. (N. S.) 1126 *Pecha et al. v. Kastl,* 64 Neb. 380, 89 N. W. 1047; *Town of Mapleton et al. v. Kelly,* 117 Pac. (Utah) 52; *Gartley et al. v. People,* 24 Colo. 155, 49 Pac. 272; *Muncy v. Smith,* 142 Ky. 201, 133 S. W. 1152.

The judgment of the trial court should therefore be reversed, and the cause remanded.

By the Court: It is so ordered.