BILBY v. GILLILAND.

No. 3316.   Opinion Filed December 20, 1913.

(137 Pac. 690.)

1.  **USE AND OCCUPATION—Rents—Right to Recover.** In an action brought by the owner of real estate, entitled to the possession thereof, against the occupant, to recover for the use and occupation of the lands occupied, it is not necessary to allege in the petition either that the relation of landlord and tenant existed between the parties or that there was any contract between them, either express or implied, to pay rent.

2.   **SAME.**  Under our statute (section 4094, Comp. Laws 1909 [Rev. Laws 1910, sec. 3802]), the occupant of lands is, without special contract, liable for the payment of rents to any person entitled to the same.

(Syllabus by Brewer, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by John W. Gilliland against Nicholas V. Bilby. Judgment for plaintiff, and defendant brings error. Affirmed.

*Lewis C. Lawson,* for plaintiff in error.

*Warren & Miller,* for defendant in error.

Opinion by BREWER, C.   The defendant in error sued the plaintiff in error in the district court; the petition being as follows:

"Petition.   The plaintiff, John W. Gilliland, states that he is the owner of the S. W. ¼ of section 5, township 6 north, and range 9 east, in Hughes county, Okla., and that he was the owner of said land during all the year 1910 from the 15th day of January of the said year, and that at all time thereafter during the said year 1910 he was entitled to the possession of said land and to the rents from same; that the defendant, Nicholas V. Bilby, was wrongfully in possession of the said premises from the 15th day of January, 1910, until the crops for said year were gathered, and collected the rents on said land for said year of 1910; that the said Nicholas V. Bilby was not in possession of said premises with the consent of the plaintiff but held the same over his protest; that the said Nicholas V. Bilby collected the said rents and profits without the consent and over the protest of the said plaintiff, and that his said acts in holding possession of said lands and collecting the rents therefrom were wrongful and deprived plaintiff of the rents from said lands, and that plaintiff was damaged thereby; that the reasonable rental value of the said premises for the year 1910 was the sum of $800. Wherefore the plaintiff, John W. Gilliland, prays judgment against the defendant, Nicholas V. Bilby, in the sum of $800, for the costs of this action, and for all proper relief."

The defendant in the trial court interposed a demurrer to the petition, which was overruled, and he brings the case to this court on case-made to have this ruling of the court reviewed.

The demurrer set up that the petition did not state a cause of action; that it was so indefinite and uncertain that its nature cannot be determined; that, if it is an action to recover rents, it is so indefinite and uncertain that it does not entitle the plaintiff to recover as prayed for therein.

We are unable to agree with the plaintiff in error. While this petition has not been drawn with care, and its averments may be open to criticism, yet we believe that the purpose of the suit can be easily gathered from the language used; that the facts stated, if true, show that the defendant has wrongfully held, occupied, and used plaintiff's land, and has wrongfully appropriated the rents and profits thereof to his own use, when in fact plaintiff was entitled to the same. This petition clearly shows that plaintiff was the owner of the lands and was entitled to the possession of the same and to the rents and profits thereof; that defendant was wrongfully in possession of the lands throughout the crop season of the year 1910 and actually took unto himself the rents and profits of the land for that period, all of which was done over the protest of plaintiff; that the reasonable value of the rents was a certain sum, and that plaintiff had been damaged to that extent.

We are fully aware that at common law, and under the law of many of the states, a suit of this kind would not lie in the absence of a contractual relation, express or implied, between the parties; but under our statute (section 4094, Comp. Laws 1909 [Rev. Laws 1910, sec. 3802]) the occupant of lands is made liable for rents to any person entitled thereto and without special contract. The case of *Earl v. Tyler*, 36 Okla. 179, 128 Pac. 269, is directly in point. In that case the syllabus is as follows:

"In an action brought by the owner of real estate, entitled to the possession thereof, against the occupant, to recover for the use and occupation of the lands occupied, it is not necessary to allege in the bill of particulars either that the relation of landlord and tenant existed between the parties or that there was an express or implied agreement to pay rent."

That case discusses the point quite fully and the view is therein expressed:

"We are of the opinion that the Legislature intended to furnish a remedy, not alone to the landlords, within the usual legal meaning of the word, but to those entitled by reason of their title to remuneration for the use and occupation of lands occupied by another."

This holding is supported by *Story v. McCormick,* 70 Kan. 323, 78 Pac. 819, and *Winings v. Wood,* 53 Ind. 187, in which states the same statute is construed. *Rodman v. Davis,* 34 Okla. 766, 127 Pac. 411.

We think the petition states a cause of action and that the demurrer was properly overruled.

. The cause should be affirmed.

By the Court:   It is so ordered.