# BIGHAM v. ALEXANDER.

No. 5828.    Opinion Filed November 9, 1915.

Rehearing Denied December 14, 1915.

(153 Pac. 644.)

**USE AND OCCUPATION—Amount of Recovery.** In an action to recover for the use and occupation of land, a recovery can be had only for the value of such use and occupation during the time the land was actually occupied, and during the time the plaintiff was entitled to possession thereof.

(Syllabus by Collier, C.)

 Error from County Court, Love County;
 *J. H. Hays, Judge.*

Action by W. L. Alexander against W. H. Bigham. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to grant new trial.

*T. B. Wilkins,* for plaintiff in error.

*H. A. Stanley,* for defendant in error.

Opinion by COLLIER, C.  This is an action to recover for the use and occupation of certain lands described in the bill of particulars for the year 1912, brought by defendant in error against plaintiff in error. Hereinafter the parties will be designated as they were in the trial court.  The case was tried to a jury upon an agreed statement of the evidence, from which it appears that plaintiff bases his right to recover upon a written rental contract entered into by Robert Cass, the owner of the land, with plaintiff, dated the 28th day of May, 1912, for a period of one year, said rental contract to commence May 13, 1912; that the period of time defendant occupied said land is in conflict.  The evidence of de-

fendant is that he delivered possession of the land to plaintiff in July, 1912, while it is insisted by plaintiff that defendant kept possession of the land until January 1, 1913. It is undisputed that defendant was in possession of the land from the 1st of January, 1912, until in July, 1912; and the value of the use and occupation of said land for the year was in conflict, being placed by some witnesses at $1 and by others at $2.50 per acre per year. Defendant requested the court to give the jury the following instruction:

"The court instructs the jury that the plaintiff's right in this action is based on his lease contract with Robert Cass, and that plaintiff can recover a reasonable rental value for the lands occupied by the defendant for only the time defendant used and occupied said lands after the date of said lease contract until same was turned to plaintiff."

The court refused to give said instruction to the jury, which action of the court was duly excepted to. The court gave to the jury the following instruction, which was duly excepted to by defendant:

"You are instructed that the burden is on the plaintiff to show, by a preponderance of the evidence, what a reasonable rental value of said land was for said year, and you are instructed to return a verdict in favor of the plaintiff for such amount as you find from the evidence to be a reasonable rental value of said land for said year."

The jury returned a verdict in favor of plaintiff for $80. Defendant filed his motion for new trial, which was overruled by the court and duly excepted to. Judgment was entered on said verdict, to reverse which this appeal is prosecuted.

The crucial question involved in this appeal is the time for which defendant was liable to plaintiff for the use and occupation of said land. Plaintiff's period of lease began to run on May 13, 1912, and consequently he had no interest in said land until that time, and was not entitled to recover for the use and occupation of said land for any part of the year 1912 prior to May 13, 1912. For the use of said land prior to May 13, 1912, defendant was liable to the owner of the land. Hence to permit plaintiff to recover for the period prior to the time his rental contract began to run would permit him to recover for a period for which defendant was liable to the owner; it not being stipulated in the rental contract that plaintiff should have the right to the use of said land for that part of the year 1912 prior to the beginning of the right of entry by plaintiff under his rental contract. Actual occupation by defendant is the necessary foundation of this action. Plaintiff, in any event, could have recovered only for the time defendant occupied the premises, after the time plaintiff's rental contract began to run, May 13, 1912. *Croswell v. Crane,* 7 Barb. (N. Y.) 191; *Wood v. Wilcox,* 1 Denio (N. Y.) 37; *Beach v. Gray,* 2 Denio (N. Y.) 84. In *Sanford v. Johnson,* 26 Minn. 314, 4 N. W. 43, it is held:

"In an action for simple use and occupation of real property, in which the plaintiff seeks to recover, not rent, properly so called, under some agreement of lease, or reservation thereof, by express contract of the parties, but the reasonable value of the alleged use and occupation, the defendant can be held liable only for the value of such use and occupation of the premises as he is shown to have actually enjoyed."

It has been expressly declared by this court that:

"The rental value of the premises during the time the party is forcibly and unlawfully kept out of possession is the proper measure of damages." *Long Bell Lmbr. Co. v. Martin,* 11 Okla. 192, 66 Pac. 328; *Oklahoma City v. Hill Bros.,* 6 Okla. 114, 50 Pac. 242; *Bilby v. Gilliland,* 41 Okla. 150, 137 Pac. 690; *Earl v. Tyler,* 36 Okla. 179, 128 Pac. 269; *Rodman v. Davis,* 34 Okla. 766, 127 Pac. 411.

Previous to May 13, 1912, plaintiff had neither the right of entry nor the right of possession, and cannot have any right to mesne profits accruing prior to the time that plaintiff's right of possession to said lands accrued under his said rental contract with Cass, the owner of the land in question. *Executors of Smith v. Houston,* 16 Ala. 111.

The instruction requested and refused did not properly state the law of the case, because plaintiff was entitled to recover for the use and occupation of the land from the time his rental contract with the owner of the land began to run, which was May 13, 1912. The requested instruction limited plaintiff's recovery from the date of the execution of said rental contract, which was May 28, 1912, and hence the court did not err in refusing to give said requested instruction.

In reviewing the instruction of the court complained of, it is entirely immaterial as to which of the parties is correct as to the time defendant surrendered possession of the land to the plaintiff, as in either aspect of the evidence, such surrender was not later than January 1, 1913. Consequently, plaintiff was entitled, at the utmost, to recover only for the use and occupation of the land from May 13, 1912—the time the rental contract began to run—to January 1, 1913, a period of about 7 months

and 17 days. Therefore the court committed reversible error in instructing the jury, as it did—

"that the plaintiff was entitled to recover for the reasonable rental value of said land for said year."

It follows that this cause should be reversed and remanded, with instructions to grant a new trial.

By the Court: It is so ordered.