## JONES et al. v. SECURITY STATE BANK OF FREDERICK.

No. 15309—Opinion Filed Sept. 21, 1926.

Rehearing Denied Dec. 14, 1926.

### 1. Parties—When Plea of Intervention Proper.

A plea of intervention is proper in a case where it is shown by the pleadings of the plaintiff and defendant that another party has an interest in the subject-matter of the lawsuit, and it is error to refuse a plea of intervention under such circumstances.

### 2. Same.

The object and purpose of a plea of intervention is to enable the court to settle the entire controversy in one suit, and where the plea of intervention tendered shows on its face that the intervener is interested in the subject-matter of litigation, he should be permitted to file his plea of intervention, and let the entire matter be tried out in that suit.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by Security State Bank against J. M. Jones and A. J. Allison to recover on

·two certain promissory notes. N. I. Nesbitt intervened. Judgment for plaintiff. and defendants and intervener appeal. Reversed, with directions.

P. Mounts and W. H. Hussey, for plaintiffs in error.

Wilson & Roe, for defendant in error.

Opinion by MAXEY, C. This action was begun in the district court of Tillman county, Okla., on, the 18th day of November, 1922, by plaintiff against the defendants J. M. Jones and A. J. Allison separately, but by agreement said two causes of action have been consolidated and tried as one. The petitions filed were exactly the same, except in the names of the defendant, description of land, and amount. The petition in the case against J. M. Jones charged that, on the 10th day of September, 1921, the defendant for a valuable consideration made, executed, and delivered to one W. H. Lee his promissory note of that date in writing, whereby he promised to pay to the order of W. H. Lee on November 1, 1922, the sum of $250. and attaches a copy of the note to the petition, and alleges that before maturity and for a valuable consideration, the said W. H. Lee indorsed said note to this plaintiff, who now is the owner and holder thereof, and prays for judgment for the face of said note, interests, costs, and attorneys' fee. The rental contract referred to in said note is in the usual form of farm lease contracts, and need not be set out. The material part of the promissory note sued on is as follows:

"Manitou, Okla. Sept. 10, 1921.
Nov. 1, 1922 _____ days after date, for value received, we promise to pay to the order of the Bank of Manitou, Okla. Two Hundred Fifty and no /100 Dollars. At the office of W. H. Lee in Manitou, Okla. Signed J. M. Jones."

This note has, in addition to the part above quoted, the usual conditions and waivers contained in the ordinary form of bank notes. The note is not indorsed by the Bank of Manitou, but has the name W. H. Lee indorsed on the back of it. Thereafter, on the 2nd day of January, 1923, said Jones and Allison filed their answers to the petitions. which answers were the same, except in names, amount, and description of the land, and said answers contained the following defense:

"And for further answer this defendant states that the note herein sued upon was given for the purpose of paying the rents upon the northeast quarter of section 2, twp. 1 south, range 18 west, Tillman county, Okla.,

for one year from the 1st day of January, 1922, and said land lying in Tillman county, Okla., and this defendant further states that, as a matter of fact, said land belonged to one N. I. Nesbitt, who was the owner of property, and that one W. H. Lee had rented said land for said year from the said N. I. Nesbitt, and agreed to pay rents upon said premises to the said N. I. Nesbitt, and under his lease contract with the said W. H. Lee that this defendant is now liable to the said N. I. Nesbitt, for the rents of said premises for the year beginning the 1st day of January, 1922, which amounts to more than the sum of $250, and this defendant states that the said bank became the owner of said note with the full knowledge that the same had been executed for the rents upon said land, and that the said plaintiff is not an innocent purchaser of said note for value before maturity. and since this defendant will be compelled to pay said rents to the said N. I. Nesbitt, that the consideration for the execution of said note to the said W. H. Lee has now failed, and that said note is now null and void, and that the plaintiff herein is not entitled to recover upon said note against this defendant.

"Defendant further states that the said plaintiff did not purchase said note before maturity, and did not pay valuable consideration therefor, and that said note showed upon its face that it was never indorsed and delivered to the plaintiff herein, and that the plaintiff herein is not the real owner and holder of said note."

This answer was followed by the usual prayer, and on the 2nd day of May, 1923, plaintiff filed its reply to said answer, which consisted of a general denial.

Thereafter, on the 8th day of September, 1923, N. I. Nesbitt filed a plea of intervention, which omitting the caption is as follows:

"Comes now the intervener, N. I. Nesbitt, and upon the order of the court intervenes in this cause, and for his cause of intervention alleges and states as follows, to wit:

"First. Said intervener denies all and singular each and every allegation contained in plaintiff's petition.

"Second. And for further grounds of intervention he states that he is the owner of the southeast quarter and northeast quarter and northwest quarter, all of sec. 2. township 1, south, range 18 west, Tillman county, Okla.

"Third. That on or about the 22nd day of January, 1919, he rented the above-described premises to one W. H. Lee for five years, for the sum of $7.000. payable $700 on November 1, 1919, and $700 on January, 1920, and $700 on November 1, and January 1 of each and every year until the expiration of said lease, and that by virtue of said con-

tract the said W. H. Lee became liable to this intervener for the rental of said premises for the year 1922 in the sum of $1,400, all of which is fully shown by a copy of said lease hereto attached and marked Exhibit 'A,' and made a part hereof, and intervener states that by virtue of said written lease contract that he was entitled to a lien upon the crops raised upon the above-described premises, for the rents due thereon each and every year, and that said intervener was entitled to a lien upon said crops raised upon said premises for the year 1922 for his rents as aforesaid.

"Fourth. This intervener further states that after W. H. Lee had rented the said premises, that he went into possession thereof and farmed the same for the years 1919, 1920 and 1921, himself; and that during the year of 1922, and without the knowledge or consent of this intervener that said W. H. Lee subrented and sublet the northwest quarter of section 2, township 1 south, range 18 west, Tillman county, Okla.,to the defendant, A. J. Allison, in this case, for each year, and said defendant agreed to pay the said W. H. Lee as rental for said land for the year of 1922 the sum of $650, which amount was to be paid as follows:

"The sum of $350, which was paid in cash, and the further sum of $300 as evidenced by the promissory note herein sued upon by the plaintiff in this cause, and this intervener states that said note herein sued upon was given as a part of the consideration for rents of said premises for the year of 1922.

"Fifth. This intervener further states that the said W. H. Lee failed and refused to pay the rent on said land for said year, and instead of complying with said contract, absconded and departed to parts unknown, and said W. H. Lee's present whereabouts are now unknown.

"Sixth. This intervener further states that after the said W. H. Lee had **failed to pay** said rents, and on or about the ____ day of October, 1922, that he personally came to Tillman county, Okla., for the purpose of collecting his rents upon said premises, and then discovered that the said W. H. Lee had subrented and sublet the said premises to the defendant herein for the year of 1922, and that said defendants had a cotton crop upon said land.

"Seventh. This intervener further states that after ascertaining said facts, that he demanded of the said defendant herein that he should pay rent upon said premises as due by the said W. H. Lee, and informed the said defendants, unless they paid said rents, that he would be compelled to take legal steps to collect his rents due thereon.

"That in order to prevent any unnecessary costs or expenses, and to protect this intervener upon his rents on said premises, the said defendant herein agreed with this intervener that said defendant would recog-

nize and agree that this intervener was owner of said premises and entitled to the rents thereon, and that said defendant would recognize and agree that this intervener was the landlord of said premises, and that said defendant was his tenant, and agreed to pay the said intervener the rents due upon said premises for the year 1922. Said agreement was verbal, and was made for the purpose of preventing this intervener from having to take legal steps to · collect his rents by attachment proceedings, as provided by law, and under said agreement said defendants became liable to pay said rents to this intervener, and to account to him for the rents due upon said premises, and in compliance with said agreement the said defendant herein gathered said crops with the understanding that intervener's rents would be paid out of the same, and after gathering said crops, sold the same and deposited the rents in the Bank of Manitou, Okla., with the understanding that the intervener was really entitled to said rents, but that the defendant herein did not desire to pay over said money to this intervener until the court had· decided as to whether said defendant was liable upon the notes herein sued upon.

"Eighth. This intervener further states that the plaintiff herein became the owner of the note herein sued upon with the full knowledge that the same had been executed for the rents upon his land, and this intervener further states that the said plaintiff is not an innocent purchaser of said note for value, before maturity, and that the defendant herein should not be compelled to pay said note upon the grounds and for the reason that the consideration of said note to the said W. H. Lee has not failed, and since the defendant herein should be required to pay the rents due upon said premises to this intervener, that said note is null and void, and that the plaintiff herein is not entitled to recover thereon.

"Wherefore your intervener prays upon hearing hereof that plaintiff take nothing by this suit, and that this intervener have judgment for the amount of money now on hand in the Bank of Manitou, Okla., as his rents upon said premises, under this agreement with the defendant in this case, as above set out, and for costs of suit, and for such other relief as this intervener may be entitled to."

Attached to this plea of intervention is a copy of a farm lease made on the 2nd day of January, 1919, between N. I. Nesbitt of Burlington, Kan., and W. H. Lee of Manitou, Okla., wherein the said N. I. Nesbitt leases to W. H. Lee three quarter sections of land, situated in Tillman county, Okla.. for the term of five years for the rental of $7,000 payable $700 November 1, 1919, and $700 on January 1, 1920, and $700 on November 1st, and January 1st of each and every other year, until the expiration of

the lease. Among its covenants and agreements mentioned in said lease is the following:

"Provided, however, that nothing hereinbefore contained shall be construed as giving unto the party of the second part the right and privilege to sublet the whole or any part of the premises described." Signed by N. I. Nesbitt, party of the first part, and W. H. Lee, party of the second part.

It appears from the record that, on the 11th day of September, 1921, W. H. Lee rented one quarter section of the land rented from Nesbitt to J. M. Jones, and one quarter section to A. J. Allison for one year, beginning the 1st day of January, 1922, and that each of them paid a part of the rent in cash, and gave a note for the balance of the rent, Jones giving a note for $250 and Allison a note for the balance of the rent of $300. Thereafter Lee transferred these notes to the plaintiff, Security State Bank of Frederick, and in the latter part of the year 1922, Nesbitt came to Manitou, Okla., and learned that Lee had sublet two of the quarter sections mentioned in the lease by Nesbitt to Lee, to Jones and Allison and had left the country and his whereabouts were unknown. Nesbitt told Jones and Allison what his contract with Lee was, and that he was entitled to his rent of 1922, and would have to bring a suit in attachment for the collection of same. Jones and Allison told Nesbitt of the contract they had with Lee, and that they had paid him a certain part of the rent in cash and given their notes for the balance of the land, payable November 1, 1922. The note given by Jones was $250, and the note given by Allison was $300, and after talking the matter over, Nesbitt agreed that if they would pay him the balance of the rent, or the amount of said two notes, he would release them from the payment of the balance. After some talk about the matter, Jones and Allison agreed to deposit the amount of the notes in the bank at Manitou on the day they became due, and that Nesbitt and the Security State Bank of Frederick could fight it out, and see who was to have the money. Jones and Allison did deposit the money in the bank at Manitou, and the Security State Bank then sued them on their promissory notes given to Lee. On the day the case was set for trial, plaintiff filed a motion in said cause to strike the plea of intervention filed by Nesbitt from said cause, and the court sustained said motion, and struck said interplea from the files of said case, and the intervener, Nesbitt, duly expected and has joined Jones and Allison as plaintiffs in error in this appeal. The trial of

the case was proceeded with, and resulted in a judgment for the plaintiff against Jones on his note and Allison on his note.

Plaintiffs in error have assigned 15 separate errors, among which are the overruling of the motion for new trial, error in striking the plea of intervention of N. I. Nesbitt from the files, and error in entering judgment for the plaintiff against Jones and Nesbitt.

Under the view that we have reached, after a careful reading of the briefs, evidence, and citation of authorities by counsel, we have reached the conclusion that the court erred in striking the plea of intervention of N. I. Nesbitt from the files. Nesbitt, the intervener, was the actual owner of the land, and under the law was entitled to collect rents from the defendants who were in possession thereof. Section 7359, Compiled Stat., provides:

"The occupant of any land, without special contract, shall be liable for the rent to any person entitled thereto."

This statute has been construed by this court, and is not an open question. In the case of Marshall v. Burden, 25 Okla. 554, 106 Pac. 846, this court held that under the provisions of the statute the owner of the land title of the land occupied by another during a particular year would have a right of action against such occupant for the rents of said lands for that year, without special contract.

To the same effect is McBrayer et al. v. Miller, 83 Okla. 179, 200 Pac. 988; Bilby v. Gilliland, 41 Okla. 150, 137 Pac. 690; Earl v. Tyler et al., 36 Okla. 179, 128 Pac. 269.

There is no question but what the intervener, N. I. Nesbitt, had the right to enforce his claim for rents against the defendants, but instead of compelling him to resort to law to make the collection, the defendants agreed that they would pay the amount of rent to him by paying it into the Bank of Manitou. There is nothing wrong with this agreement, and in our judgment Nesbitt had a perfect right to intervene in said suit, and have all of the matters in controversy settled in one suit. The plea of intervention did not change the issues made by the petition of plaintiff and the answers of the defendant. It may be contended that Nesbitt was not a necessary party to the termination of the issues between the plaintiff and defendant, but under the views we have reached in this case, we think it cannot be contended that he was not a proper party, as he shows by his plea of intervention that

he is interested in the collection of his rents for that year, and that it would be unjust to make Jones and Allison pay the rent twice, if the same could be avoided. This plea of intervention sets out the whole transaction from beginning to end, and we think it was the duty of the court to permit the interplea to stand, and investigate the matter therein set up, together with other matters pleaded by the plaintiff and defendants in their pleadings. It would have avoided another lawsuit and settled the whole controversy in one suit, and that is the purpose of an intervention in a lawsuit, and it should always be allowed where it is necessary to settle all questions in one suit.

For the reasons stated, the case is reversed and remanded, with directions to the trial court to set aside the order striking the plea of intervention of N. I. Nesbitt from files, and reinstate same and proceed with another trial of the case in accordance with the views herein expressed.

By the Court: It is so ordered.