Note.—See under (1) 15 C. J. p. 1004 §418; 40 Cyc. p. 1231. (2) 15 C. J. p. 1004 §418; 34 C. J. pp. 470 471 §738; 472 §739; 473 §740. 566 §866. (3) 15 C. J. p. 1004 §418; 40 Cyc. p. 1839. (4) 24 C. J. p. 478 §1295. (5) 15 C. J. pp. 1134, 1135, 1136; §583. (6) 18 C. J. p. 841 §72; 28 R. C. L p. 82. (7) 18 C. J. p. 841 §72; 28 R. C. L. p. 280; 4 R. C. L. Supp. 1813. (8) 18 C. J. p. 936 §261. (9) 1 C. J. p. 901 §289; anno. 41 L. R. A. (N. S.) 1176; 1 R. C. L. p. 297; 1 R. C. L. Supp. p. 93. 5 R. C. L. Supp. p. 20. (10) 4 C J. p. 887. sec. 2857.

---

## CHICKASAW NAT. BANK OF PURCELL v. MARTIN.

No. 15580—Opinion Filed Nov. 30, 1926.

Rehearing Denied March 8, 1927.

1. **Landlord and Tenant—Relation and Obligations Arising from Occupation of Land.**

Where one occupies for the purpose of cultivation the lands of another with the express or implied consent of the owner, an obligation to pay rent is incurred either expressly or impliedly, and the legal relation of landlord and tenant thereupon arises.

2. **Same—Landlord's Lien on Crops for Rentals—Priority Over Chattel Mortgage.**

Where the relation of landlord and tenant has been created and subsists between the owner and occupants of farm lands, the statute of this state (Comp. Stat. 1921, sec. 7363) gives to the landlord a lien on the crops produced thereon to secure the payment of the rentals, and this lien is prior and superior to the lien of a chattel mortgage given on such crops by the tenant to a third party.

3. **Same—When Lien Unaffected by Priority of Date of Mortgage.**

Where the relation of landlord and tenant is evidenced by a written contract, it is not material to the priority of the statutory lien

whether the contract be executed before or after the chattel mortgage is executed.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by Mrs. H. J. Martin against John Wilkey, in which the Chickasaw National Bank intervened. There was judgment for plaintiff, and intervener brings error. Affirmed.

This action was commenced by plaintiff filing her petition and affidavit for attachment to enforce a landlord's lien. The petition was in the usual form for such actions. The Chickasaw National Bank intervened in the action, claiming the right to possession of the property attached by reason of a certain chattel mortgage executed to it by John Wilkey, and which said mortgage was duly filed in the office of the county clerk.

The facts out of which this action grew may be stated in substance thus: In November, 1922, John Wilkey rented certain premises described in plaintiff's petition from Mrs. H. J. Martin, who was the owner thereof, for the year 1923. At or about the time that Wilkey took possession of the premises he executed a chattel mortgage to the Chickasaw National Bank, which mortgage covered certain personal property therein described and also "all crops raised by me in the year 1923 in Garvin county, Okla." There is some conflict in the testimony as to whether the written contract between plaintiff and defendant was entered into before or after defendant took possession of the premises in November, 1922, but this conflict is not considered to be material in the determination of this case. The rental contract which was executed by plaintiff and defendant in November, 1922, was on the usual printed form for agricultural leases and provided for crop rentals. Intervener's mortgage bore date of November 16, 1922, and was properly filed for record. Plaintiff's rental contract was dated November 26, 1922. In May, 1923, plaintiff and defendant entered into another contract covering the rent of the premises for the year 1923, and by the terms of this latter contract defendant was to pay cash rental in the sum of $550, and defendant executed a note for this amount in favor of the plaintiff. In this second rental contract entered into between plaintiff and defendant the following provision appears:

"For the purpose of securing the payment of all rents due or becoming due under this contract and all other indebtedness now owing by party of the second part to the party of the first part or that may exist before the termination of this contract, together with all interest due thereon, the party of the second part hereby mortgages to the party of the first part all crops produced by him on said premises during the term of this contract and hereby warrants the same to be free from liens or encumbrances of any kind except as created by this contract. This provision is to be construed as a formal chattel mortgage on said crops to secure said indebtedness, but nothing herein contained shall be deemed to be a waiver of the landlord's lien given by law to secure the payment of all rents."

The issue framed by the pleading and which was determined by the trial court was whether the chattel mortgage taken by the intervener in November, 1922, gave it a prior lien to the crop of broom corn grown by the defendant and a prior right to the possession thereof over the lien and rights of the plaintiff under her rental contract. Upon trial to the court there was judgment in favor of the plaintiff for the amount of the note sued on, together with the interest thereon from its maturity, and for 10 per cent. on the amount of the note as attorneys' fees as provided for therein. After unsuccessful motion for new trial, intervener has brought the case here by petition in error with case-made attached for review.

C. G. Moore, for plaintiff in error.

Carl Henderson, for defendant in error.

Opinion by LOGSDON, C. For reversal of this case intervener relies upon the single proposition that the trial court erred in rendering judgment in favor of the plaintiff and in refusing to render judgment in favor of the intervener.

In support of this contention it is urged by intervener in its brief that when plaintiff and defendant entered into the new rental contract in May, 1923, it amounted to an abandonment by plaintiff of her rights under the original rental contract entered into in November, 1922, and that the mortgage of intervener, being of record when the new contract was entered into in May, 1923, was notice to plaintiff of intervener's rights in the crop of defendant then growing upon the premises, and that her lien as landlord is postponed in favor of the prior lien of intervener under its mortgage. Intervener's argument upon this theory is very plausible, but not convincing, and no authorities are cited supporting the conclusion which intervener seeks to impress upon this court as be-

ing the correct conclusion from the facts shown by the record.

In the view taken of the case here the contract between plaintiff and defendant of May 12, 1923, was nothing more nor less than a chattel mortgage. If plaintiff were to rely upon this chattel mortgage, there is no question but that the contention of intervener would be correct as to the priority of its lien. But the nature of the action instituted by plaintiff shows conclusively that she is not relying upon her chattel mortgage, but upon the relation of landlord and tenant existing between herself and John Wilkey, and upon the statutory lien given in favor of the landlord where such relation is shown to exist. No question is raised as to the ownership of the premises by the plaintiff nor as to the occupancy of those premises and their cultivation by John Wilkey during the year 1923. Under such circumstances it was not essential to the existence of the relation of landlord and tenant that a written contract be entered into between the parties. In the case of Dorsett et al. v. Watkins, 59 Okla. 198, 158 Pac. 608, this court had under consideration a case very similar in its general outline to the one here presented, and in determining the rights of the landlord under our statute this court said:

"The lien did not arise by virtue of the contract between the landlord and the tenant, but by virtue of the statute and the relationship, and no written contract of lease was necessary to the existence of or to the enforcement of the landlord's lien. Therefore the fact that the contract was not recorded does not affect the lien." Turner v. Wilcox, 32 Okla. 56, 121 Pac. 658; Earl v. Tyler et al., 36 Okla. 179, 128 Pac. 269.

In the case last above cited, Earl v. Tyler et al., this court held in the first paragraph of the syllabus as follows:

"In an action brought by the owner of real estate, entitled to the possession thereof, against the occupant, to recover for the use and occupation of the lands occupied, it is not necessary to allege in the bill of particulars either that the relation of landlord and tenant existed between the parties, or that there was an express or implied agreement to pay rent."

So in this case, it being conceded that the premises in question were owned by the plaintiff and that they were occupied and cultivated during the year 1923 by the defendant with her knowledge and consent, such a situation created the relation of landlord and tenant between the parties and entitles plaintiff to the benefit of the statutory

lien provided for by Comp. Stat. 1921. section 7363, as follows:

"Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided."

It has been frequently held by this court, and is now settled law in this state, that the landlord's lien on crops is superior to a mortgage of such crops made by the tenant to a third party. Tootle-Wheeler Mercantile Co. v. Floyd, 28 Okla. 308, 114 Pac. 259; Turner v. Wilcox, 32 Okla. 56, 121 Pac. 658; Crump et al. v. Sadler et al., 41 Okla. 26, 136 Pac. 1102.

It is conceded in this case that the note for $550 executed by the defendant to the plaintiff was intended by the parties to evidence the rental indebtedness. It is therefore immaterial whether said note was executed before or after the mortgage of the intervener, because the lien of plaintiff arose, not by reason of the execution of the note nor by reason of the execution of either of the two rental contracts, but by reason of the relation of landlord and tenant between the parties, and that relation was created when defendant entered upon plaintiff's premises with her knowledge and consent for the purpose of occupying and cultivating the same.

In the judgment of the trial court it was provided that all of the funds impounded and in the hands of the sheriff after the sa'e of the attached property, which were not required to pay off and discharge the judgment in favor of the plaintiff, should be turned over by him to the intervener to be applied upon defendant's indebtedness to it. This was all that intervener was entitled to under the statute and holdings of this court as applied to the facts presented by this record. It must be concluded, therefore, that the contention of intervener that its mortgage lien was superior to the landlord's lien of plaintiff upon the crops grown by defendant for the year 1923 is untenable.

The judgment of the trial court is in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 39 Cyc. pp. 852, 855; 16 R. C. L. p. 584; 3 R. C. L. Supp. p. 586; 4 R. C. L. Supp. p. 1067; 6 R. C. L. Supp. p. 967; (2) 36 C. J. p. 487, §1447. p. 507, §1496; anno. 37 A. L. R. 401; 6 R. C. L. Supp. p. 304; (3) 36 C. J. p. 508, §1496 (Anno).